PITTSBURGH BRIDGE & IRON WORKS, Appellant, *v.* LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent.

First Department, December 7, 1972.

*Solomon M. Cheser* of counsel (*Tell, Cheser, Werner & Breithart,* attorneys), for appellant.

*Alan W. Craig* of counsel (*Craig & Geen,* attorneys), for respondent.

*Per Curiam.* This is an action by subrogated insurers. The facts were stipulated. In September, 1966 plaintiff was engaged

in construction of a building in Rochester, New York. Plaintiff rented a crane, boom and jib from Engineered Rentals, Inc. (Engineered). In the course of plaintiff's work the crane collapsed. Damages amounted to $25,000. Plaintiff was insured by U. S. Fire Insurance Company and Phoenix Insurance Company, each sharing 50% of the risk and coverage. Engineered had a policy with defendant. Plaintiff's insurers paid the cost of the damage and instituted this suit to recover all or part of the same. Plaintiff appeals from a judgment in defendant's favor.

The question is whether defendant is liable for the entire loss, for one half of the loss as contributing insurer, or whether defendant is free of all liability.

The policies covering plaintiff and defendant contained a provision that the coverage afforded would be deemed excess insurance rather than primary insurance where other insurance exists to cover the loss. Where such provisions exist it has been held that such clauses cancel each other and the policies of each would be considered primary insurance with each paying a pro rata share of the settlement, or payment, and expenses (*Federal Ins. Co.* v. *Atlantic Nat. Ins. Co.*, 25 N Y 2d 71).

Defendant's policy additionally contains a clause which reads '' there is excluded from insurance under this policy all merchandise which is insured against any hazard whatsoever under any other insurance, *whether* such other insurance *directly insures* the Insured, or *whether* the Insured *has arranged* to receive the benefits of such other insurance, *except that when such other insurance does not insure the interest of the Insured and the Insured has not arranged to receive the benefits* from any other insurance, then this policy shall insure such interest of the Insured in such property. When this policy applies only to the Insured's interest as provided above, then the amount payable under this policy shall be limited to that proportion of the loss that the Insured's interest in each article of merchandise bears to the value of said article of merchandise '' (emphasis supplied). The term '' Insured '' applies to Engineered.

It should be noted also that all of the insurance companies here involved are members of an insurance industry association which adhere to an agreement entitled '' Guiding Principles for Overlapping Insurance Coverages.'' General Principle 2(B) states: '' Insurance secured by a custodian covering property belonging to others shall be primary to any other insurance. Where there is more than one custodian, the insurance of the custodian in possession of the property shall be primary. ''

Plaintiff here, from the record, was custodian of the crane, which belonged to Engineered. But the exception to the application of General Principle 2(B), and when such principle shall not apply, is '' (1) when the custodian's insurance is afforded under a policy provision containing the words ' property for which the insured is liable '* * * ' may be liable ' * * * ' is legally liable ', or equivalent verbiage.'' As the court below found, these are recommendations not legally binding upon the parties.

Under the language of exclusion of defendant's policy quoted previously, Engineered was neither a direct insured under plaintiff's policies, nor had it arranged to receive the benefits of plaintiff's policies. The exclusionary provision cannot then serve to absolve defendant from total responsibility. Even if such language does not lead clearly to the conclusion reached, and we submit it does, but be considered as ambiguous, that ambiguity must be resolved against the defendant.

Since the exclusionary clause will not serve to bar recovery and is shown not to exempt defendant, the parties are in the situation envisioned in *Federal Ins. Co.* v. *Atlantic Nat. Ins. Co.* (25 N, Y 2d 71, *supra*) and defendant is liable for its pro rata share of the damages.

Judgment entered dismissing the complaint reversed on the law, the complaint reinstated, and judgment is directed to be entered for plaintiff in the sum of $12,500 with costs and disbursements of this appeal.

STEVENS, P. J., McGIVERN, NUNEZ, TILZER and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 28, 1972, dismissing the complaint, unanimously reversed, on the law, and vacated, the complaint reinstated, and the Clerk is directed to enter judgment for plaintiff in the sum of $12,500, with costs. Appellant shall recover of respondent $60 costs and disbursements of this appeal.