DAIRYLEA COOPERATIVE, INC., Plaintiff, and LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent, v ROBERT ROSSAL et al., Individually and Doing Business as R & H HAULING, et al., Defendants, and AETNA CASUALTY AND SURETY COMPANY, Appellant. (Action No. 1.)

AETNA CASUALTY AND SURETY COMPANY, Appellant, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. (Action No. 2.)

Third Department, November 3, 1983

### APPEARANCES OF COUNSEL

*Ryan, Kerr, Dall Vechia & Roach* (*Jeffrey K. Anderson* and *John T. Dall Vechia* of counsel), for appellant.

*Granik, Silverman, Sandberg, Kirschner, Campbell & Nowicki* (*David W. Silverman* and *Carolyn A.M. Campe* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

This appeal has its genesis in a personal injury action in

which the Selthafners claimed their damages were caused by virtue of the operation of a milk tank truck registered in the name of Dairylea Cooperative, Inc., and driven by an agent or employee of R & H Hauling. A verdict in favor of the Selthafners was subsequently compromised by settlement in the total amount of $315,000. Releases executed by them expressly reserved the right of defendants' liability insurance carriers, Aetna Casualty and Surety Company (R & H Hauling's insurer) and Lumbermens Mutual Casualty Company (Dairylea's insurer), to maintain declaratory judgment actions to determine as between themselves a coverage issue as well as their proportionate shares of the settlement.

The carriers' separate declaratory judgment actions were consolidated by stipulation, the facts were agreed upon, and summary judgment was sought. We find no fault with Trial Term's conclusion that Lumbermens' policy covered the truck, for although R & H Hauling was in the process of purchasing it, at the time of the accident Dairylea still retained title and hence was the "owner" of the vehicle for the purposes of Lumbermens' policy (Uniform Commercial Code, § 2-401, subd [3], par [a]); that Aetna also insured the vehicle was not seriously disputed. Since both policies provided coverage for liability arising out of the operation of this vehicle, the fact that in the underlying negligence suit recovery over was had by Dairylea against R & H Hauling is, notwithstanding Lumbermens' contrary assertion, of no moment in the instant declaratory judgment actions.

It is with Trial Term's holding that Aetna was the primary insurer and Lumbermens the excess insurer that we disagree; in our view both carriers are primary insurers. Both policies contain provisions determining liability when other insurance is applicable to the same vehicle. Under Aetna's policy, if the insured owns the vehicle Aetna is the primary insurer. However, "when two or more policies cover on the same basis, either excess or primary, [Aetna] will pay only [its] share".

Lumbermens' policy contained a standard "other insurance" clause which provided for a pro rata apportionment of liability similar to Aetna's. That clause had been re-

placed by indorsement number 4 which makes Lumbermens' coverage "excess" in the event that other valid and collectible insurance is available. However, Lumbermens' indorsement number 17 states that indorsement number 4 regarding other insurance is "not applicable as respects the State of New York". The interpretation to be accorded this phrase is of primary importance. It can be interpreted either as causing indorsement number 4 to be inapplicable to occurrences within New York State, as suggested by Aetna, or inapplicable when New York State is the insured, as claimed by Lumbermens. If it is to be construed in the manner proposed by Aetna, then indorsement number 4 is inapplicable here and the standard contract provisions dealing with other insurance apply. The burden of proof is on Lumbermens to demonstrate that its own construction of indorsement number 17, which would make indorsement number 4 applicable, is the only construction that could fairly be placed upon it (*American Home Assur. Co. v Hartford Ins. Co.,* 74 AD2d 224, 228). The ambiguous language of indorsement number 17, however, makes it impossible for Lumbermens to meet this burden because that ambiguity must be construed against the insurer, especially where, as here, it is in an exclusionary clause (*Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390-391). Accordingly, since both carriers' policies provide coverage, consistent with the applicable "other insurance" clauses of both policies, a pro rata split equal to the proportion that the limit of each policy bears to the total of the limits of both policies is appropriate.

The order and judgment should be modified, on the law, by deleting decretal paragraph 4(b) thereof and substituting a declaration that "The policy of insurance issued by Lumbermens Mutual Casualty Company, which policy was numbered 8ZM579300, a copy of which was annexed to the stipulation of facts, also affords primary coverage to the aforementioned vehicle and as such provides primary coverage with respect to adjudicated claims of the plaintiffs Selthafner", and, as so modified, affirmed, with costs.

KANE, J. P., MAIN, CASEY and MIKOLL, JJ., concur.

Order and judgment modified, on the law, by deleting decretal paragraph 4(b) thereof and substituting a declara-

tion that "The policy of insurance issued by Lumbermens Mutual Casualty Company, which policy was numbered 8ZM579300, a copy of which was annexed to the stipulation of facts, also affords primary coverage to the aforementioned vehicle and as such provides primary coverage with respect to adjudicated claims of the plaintiffs Selthafner", and, as so modified, affirmed, with costs.