■    ANTHONY RANDAZZO, Plaintiff, v THOMAS CUNNINGHAM et al., Respondents, and OHIO FAST FREIGHT, INC., Appellant.—Judgment unanimously reversed, on the law, with costs, and judgment entered in favor of plaintiff against Merchants Mutual Ins. Co. Memorandum: In 1968 defendant, Perdue Trucking Service, Inc. (Perdue), leased a truck to defendant Ohio Fast Freight, Inc. (Ohio). In May, 1969 the truck was involved in an accident in the City of Buffalo and plaintiff commenced this action against Ohio, Perdue and the driver of the truck, Thomas Cunningham. The parties agreed to settle plaintiff's claim subject to the resolution of the dispute between Perdue's insurer, Merchants Mutual Insurance Company (Merchants), under a policy executed in the State of New York, and Ohio's insurer, Transport Indemnity Company (Transport), under a policy executed in the State of Ohio, as to which was obligated to pay plaintiff the stipulated amount of damages. In concluding that Ohio's insurance carrier, Transport, was bound to make full payment to plaintiff, the trial court relied upon an exclusionary clause in the Merchants' policy which provides that: "2. The insurance does not apply: * * * (b) while the automobile is being used in the business of any person or organization to whom the automobile is rented." Though Transport concedes that the operation of the truck at the time of the accident was a use of the vehicle within the meaning of the exclusion, it contends, and we agree, that the exclusionary clause is invalid. This clause fails to comply with the requirement that a personal injury liability insurance policy covering a motor vehicle contain a provision "insuring the named insured against liability * * * as a result of negligence in the operation or use of such vehicle by any person operating or using the same with the permission, express or implied, of the named insured" (Insurance Law, § 167, subd 2; see, also, Vehicle and Traffic Law, § 388, subds 1, 4). The exclusionary clause fails to require the existence of other insurance sufficient to meet the minimum standards of coverage established by our financial responsibility laws and is therefore violative of this State's public policy (compare *Davis v De Frank,* 33 AD2d 236, affd 27 NY2d 924). "The policy of insurance issued must be as broad as the insured owner's liability for use of the vehicle by the owner or anyone using the vehicle with his permission" *(Rosado v Eveready Ins. Co.,* 34 NY2d 43, 49). Merchants improperly relies upon *Lauritano v American Fid. Fire Ins. Co.* (2 Misc 2d 930, affd in part, revd in part 3 AD2d 564, affd 4 NY2d 1028) which is otherwise distinguishable but which particularly is not controlling here

because it preceded our present statutory compulsory insurance requirements. Merchants seeks to justify its policy on the ground that Perdue leased the truck to a carrier which was engaged in interstate commerce and was therefore required to provide insurance coverage pursuant to Federal regulations which, it asserts, either meet or exceed this State's insurance standards. Merchants' policy of insurance, however, contains no limitation upon Perdue's rental agreements. Moreover, the fact that Ohio had insurance coverage does not validate the "no liability" clause. Since the Merchants' policy is self-denominated as primary and Transport's policy is denominated as excess, Merchants is liable to plaintiff for the full amount of the stipulated damages. (Appeal from judgment of Erie Supreme Court—insurance settlement.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.