AMERICAN HOME ASSURANCE COMPANY, Appellant-Respondent, v HARTFORD INSURANCE COMPANY et al., Respondents, and LUMBERMENS MUTUAL CASUALTY COMPANY et al., Respondents-Appellants.

First Department, April 22, 1980

### APPEARANCES OF COUNSEL

*Stanley Wilkins* of counsel *(Smith, Mazure & Wilkins, P. C.,* attorneys), for appellant-respondent.

*John J. Wrenn* for Hartford Insurance Company, respondent.

*Seymour H. Metnick* for Kuehne & Nagel Air Freight, Inc., and another, respondents.

*James M. O'Brien* of counsel *(Kevin J. Murtagh* with him on the brief; *O'Brien & Keefe,* attorneys), for Auto Hire, Inc., respondent.

*John J. Moore* of counsel *(Barry, McTiernan & Moore,* attorneys), for respondents-appellants.

### OPINION OF THE COURT

KUPFERMAN, J.

This is a declaratory judgment action brought to determine the relative responsibility of four insurers and the manner in which their respective policies are to apply in a negligence action presently pending in Supreme Court, Queens County.

Under an agreement entered September 21, 1973, Auto Hire, Inc. (the lessor) leased an automobile to Kuehne & Nagel Air Freight, Inc. (the lessee) for a 26-month term. On October 17, 1974, this vehicle was being operated by Sal

Baglio, an employee of Kuehne, when it was involved in an accident. As a result of the accident, plaintiff in the Queens action sustained severe personal injuries. On the date of the accident, there were four insurance policies in effect, policies issued by Hartford Insurance Company and American Home Assurance Company to Kuehne, and policies issued by American Manufacturers Mutual Insurance Company (AMMI) and Lumbermens Mutual Insurance Company to Auto Hire.

The Supreme Court at Special Term declared, *inter alia,* that the four liability insurance policies in effect are to be applied in layers with the Hartford policy as primary insurance applied first, the American Home excess policy applied second, the AMMI policy applied third after the Hartford and American Home policies are exhausted, and the Lumbermens policy applied fourth upon exhaustion of all other policies.

██ Under the lease agreement, the lessee was obligated to secure insurance covering both the lessor, Auto Hire, and the lessee, Kuehne. All parties agree that the Hartford policy affords primary coverage for the vehicle involved in the accident. Defendant-respondent Hartford urges consideration of an "other insurance" clause in its policy and apportionment of its policy coverage pro rata with the coverage of AMMI, as co-primary insurers. However, since that part of the Hartford policy which was before the court at Special Term did not contain such a clause, reference to it is inappropriate and, therefore, we do not disturb the holding at Special Term with respect to this policy. Even if, in the interest of justice, we were to consider the existence of this clause, Hartford's contention would be without consequence inasmuch as we find that the AMMI policy, by its terms, effectively disclaims coverage in this case.

The AMMI policy issued to Auto Hire affords primary coverage for bodily injury. AMMI disclaims any coverage on the basis of an endorsement which provides: "This policy does not apply with respect to an owned automobile while such automobile is in the custody of a lessee under a written lease agreement which requires the lessee to provide insurance thereon unless insurance is specifically provided by endorsement to this policy."

██ The vehicle leased by Kuehne was not so scheduled nor does it qualify under another provision covering "newly leased automobiles". Special Term held that this exclusionary clause violates public policy, relying on *MVAIC v Continental Nat.*

*Amer. Group Co.* (35 NY2d 260). That case held as violative of public policy a disclaimer for the negligence of a person operating a rental vehicle with the express permission of the lessee, but in violation of a private rental agreement between the rental agency and the lessee. The Court of Appeals declared that disclaimer contrary to the intent of section 388 of the Vehicle and Traffic Law, stating that "one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant." *(MVAIC v Continental Nat. Amer. Group Co., supra,* at p 264, *citing Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352. Cf. *Moore v Leaseway Transp. Corp.,* 49 NY2d 720.) Here, however, the situation is not one where upholding the exclusion will deprive a plaintiff of a financially responsible party from whom a recovery can be sought. The endorsement at issue specifically states that the exclusion is operative in a situation which requires separate insurance coverage by the lessee; otherwise, another endorsement is necessary to provide coverage under the AMMI policy. The AMMI exclusion thus effectively precludes that policy and its insurer from any responsibility in the underlying negligence action.

Although not required by the underlying rental agreement, lessee Kuehne had also obtained an excess umbrella policy from American Home in addition to the required Hartford coverage. This policy provides excess insurance over the amount recoverable under the applicable limits of the underlying policies listed in a schedule or the limits of any other underlying insurance collectible by the insured. The primary coverage is then set forth in an accompanying schedule which specifically names Hartford. The policy covers Auto Hire as an additional insured under a clause which includes as insured any person to whom the named insured is obligated by virtue of a written contract to provide insurance. And, of course, Kuehne's employee, Baglio, is also covered.

The Lumbermens policy issued to Auto Hire is also an excess policy. Under the policy definitions "insured" includes not only the named insured, here Auto Hire, but also includes: "(c) with respect to any automobile owned by the named insured or hired for use by or on behalf of the named insured, any person while using such automobile and any person or organization legally responsible for the use thereof". Defendant-respondent-appellant Lumbermens relies on a succeeding exclusionary clause for the proposition that there is no cover-

age for this very vehicle insured. The pertinent provision excludes: "(2) the owners or any lessee other than the named insured, of a hired automobile or any agent or employee of such owner or lessee." Plaintiff-appellant-respondent American Home contends, and we agree, that the intent of this clause is to exclude coverage of the owner of a vehicle other than one owned by Auto Hire, such as a substitute vehicle, one "hired for use by or on behalf of the named insured" (the language in the preceding paragraph of the policy quoted *supra*). Any other construction would exclude coverage of a vehicle owned by Auto Hire as soon as it was leased, and such a situation would be at odds with the language contained in the definition of insured which includes as an insured "any person while using such automobile and any person or organization legally responsible for the use thereof". Since the troublesome definition and accompanying exception or exclusion was prepared by the insurer, any ambiguity should be construed against it. "Any ambiguity in an insurance policy must be construed against the insurer *(Greaves v. Public Serv. Mut. Ins. Co.,* 5 N Y 2d 120, 125), especially where the ambiguity is in an exclusionary clause *(Sincoff v. Liberty Mut. Fire Ins. Co.,* 11 N Y 2d 386, 390-391). Moreover, when an exclusionary clause is involved the insurer has the burden of proving that the occurrence came within the exclusionary clause *(Sachs v. American Cent. Ins. Co.,* 34 Misc 2d 687, affd. 19 A D 2d 538) and that its own construction of the exclusionary clause was the only one that could fairly be placed on it *(Sincoff, supra,* p. 390)." *(American Fid. Fire Ins. Co. v Pardo,* 32 AD2d 536.) Lumbermens has not met that burden. Therefore, as a matter of law, we determine that the Lumbermens policy covers both Auto Hire and its lessee Kuehne.

The two excess policies, Lumbermens and American Home, contain an "other insurance" clause providing that where other collectible insurance is available to the insured, the excess policy will not contribute with such other insurance but be excess to it. However, where multiple excess policies assume the same risk, and each purports to be in excess of the other, the excess coverage clauses cancel each other out leaving both policies to be treated as primary insurance. *(Pittsburgh Bridge & Iron Works v Liberty Mut. Fire Ins. Co.,* 40 AD2d 176, affd 33 NY2d 439; *Federal Ins. Co. v Atlantic Nat. Ins. Co.,* 25 NY2d 71.) Both insurers are liable in proportion to their undertaking, "and both must contribute, pro

rata, toward payment of the cost of the settlement and legal fees, and other expenses of the litigation." *(Atlantic Mut. Ins. Co. v Atlantic Nat. Ins. Co.,* 38 AD2d 517, citing *Federal Ins. Co., supra,* at pp 78-79.)

Accordingly, the judgment of the Supreme Court, New York County (SMITH, J.) entered August 10, 1979, should be modified on the law and the facts, without costs or disbursements, to declare that the policy issued by the Hartford Insurance Company to Kuehne & Nagel Air Freight, Inc. providing bodily injury coverage in the amount of $100,000 for the benefit of both lessor and lessee be applied first; that upon exhaustion of the Hartford coverage, the excess policy of the Lumbermens Mutual Casualty Company issued to Auto Hire, Inc. providing excess coverage in the amount of $4,000,000 for the benefit of both lessor and lessee be applied pro rata with the American Home Assurance Company excess policy issued to Kuehne providing excess coverage in the sum of $1,000,000 for the benefit of the lessor and lessee; and that the coverage provided by an American Manufacturers Mutual Insurance policy issued to Auto Hire has effectively been disclaimed.

MURPHY, P. J., BIRNS, SANDLER and CARRO, JJ., concur.

Judgment, Supreme Court, New York County, entered on August 10, 1979, modified, on the law and the facts, without costs and without disbursements, to declare that the policy issued by the Hartford Insurance Company to Kuehne & Nagel Air Freight, Inc., providing bodily injury coverage in the amount of $100,000 for the benefit of both lessor and lessee be applied first; that upon exhaustion of the Hartford coverage, the excess policy of the Lumbermens Mutual Casualty Company issued to Auto Hire, Inc., providing excess coverage in the amount of $4,000,000 for the benefit of both lessor and lessee be applied pro rata with the American Home Assurance Company excess policy issued to Kuehne providing excess coverage in the sum of $1,000,000 for the benefit of the lessor and lessee; and that the coverage provided by an American Manufacturers Mutual Insurance policy issued to Auto Hire has effectively been disclaimed.