**TRANSPORT INSURANCE COMPANY and Truck One, Inc., Plaintiffs,**

v.

**PROTECTIVE INSURANCE COMPANY, Edward J. Morris, and Ural Sims, Defendants.**

No. 86–CV–434.

United States District Court, N.D. New York.

Nov. 13, 1986.

---

Ainsworth, Sullivan, Tracy & Knauf, Albany, N.Y., for plaintiffs; Frank J. Warner, of counsel.

Donohue, Donohue & Sabo, Albany, N.Y., for defendants; Kevin G. Varley, of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This declaratory judgment action brought pursuant to 28 U.S.C. § 2201 (1982) in essence is a conflict between two insurance companies over which of two outstanding insurance policies afforded primary coverage of an accident involving a tractor-truck and trailer transporting goods in interstate commerce. Jurisdiction of this court is predicated upon diversity of citizenship. 28 U.S.C. § 1332 (1982). Plaintiffs Transport Insurance Company ("Transport") and Truck One, Inc. ("Truck One") seek a declaration that an exclusionary clause contained in a policy issued by defendant Protective Insurance Company ("Protective") to defendant Edward J. Morris violates New York law and should therefore be excised from the policy. The exclusion, if valid, would relieve Protective of any obligation to defend and indemnify any party for any liability resulting from the accident. If read without reference to the exclusionary clause, however, the Protective policy would be deemed primary and Protective would have been required to defend a personal injury action arising out of the accident that was brought in state court and to indemnify defendant for any judgment obtained against him to the limit of the policy's coverage. The parties do not dispute any material facts necessary for the resolution of this problem. Before the court now are cross-motions for summary judgment.

### I. BACKGROUND

On August 23, 1984 an automobile driven by Andrew C. Culver collided with a tractor-truck and trailer driven by Sims. As a result of this accident, Kellie Lee Kene-

ston, a passenger in the automobile, suffered serious injuries and economic loss beyond basic economic loss as defined in New York's Comprehensive Automobile Insurance Reparations Act, N.Y.Ins.Law §§ 101 *et seq.* (McKinney 1985). Sims was transporting goods for Truck One, which had leased the tractor from Morris. At the time of the accident, the tractor-truck was being operated under a valid permit issued pursuant to the Interstate Commerce Act. *See* 49 U.S.C. §§ 301 *et seq.* (1982). Morris was insured by Protective, while Truck One was insured by Transport. Keneston subsequently brought a personal injury suit in the New York Supreme Court, Albany County, naming among others Sims, Morris, Culver, and Truck One as defendants. At the time the present declaratory judgment action was initiated Transport was defending this state court action. Protective refused to assume the defense of Morris and Sims, disclaiming any obligation under the policy it issued to Morris with regard to the accident. The state court action was subsequently settled, and Protective, though not a party to the settlement negotiations, does not object to the terms of the settlement reached. Through this declaratory judgment action, the parties seek to clarify the relative obligations of the two insurance companies under these circumstances.

Protective had issued a basic automobile liability insurance policy on the tractor-truck to Morris which was in effect at the time of the accident. (Plaintiff's Supplemental Affidavit Ex. P) The policy was issued in New York and by its terms provided primary insurance coverage for accidents involving the tractor. The policy contained a "truckmen's endorsement," however, which exempted from coverage acci-

dents which occur "while the automobile is being used in the business of any person or organization to whom the automobile is rented." Transport had issued an occupational comprehensive liability policy to Truck One requiring Transport "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages arising out of the occupation of the named insured ... as a result of ... [b]odily injury...." The policy defined the occupation of Truck One as "Truckman-Common Carrier." Transport's policy was an "umbrella policy" covering multiple risks and providing that it shall be in excess of any other insurance covering the same risk. It is undisputed that the accident occurred while the tractor-truck and trailer was being used in the course of Truck One's business.

Transport claims that the "truckmen's endorsement" contained in the Protective policy violates the minimum standards of coverage established by New York's "financial responsibility" laws and regulations. *See, e.g.,* N.Y.Veh. & Traf.Law §§ 310 *et seq.,* 388 (McKinney 1986); N.Y. Ins.Law § 3420(e) (McKinney 1985). Transport argues that this exemption should be read out of the policy, thereby making Protective the primary insurer for the accident involving the tractor-truck. Protective claims the truckmen's endorsement complies with the requirements of New York law and is consistent with federal regulations governing interstate carriers.

## DISCUSSION

Section 388 of Article 11 of New York's Vehicle and Traffic Law[1] mandates that every owner of a "vehicle" operated

---

**1.** Section 388 of the Vehicle and Traffic Law provides in pertinent part:

1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner....

....

4. All ... policies of insurance issued to the owner of any vehicle subject to the provisions of this section shall contain a provision for indemnity or security against the liability and responsibility provided in this section....

N.Y.Veh. & Traf.Law § 388 (McKinney 1986).

within the state shall be liable for any damage or personal injuries resulting from the negligent use of that vehicle by any person operating the vehicle with the owner's permission. N.Y.Veh. & Traf.Law § 388(1) (McKinney 1986). A tractor-truck is a "vehicle" within the meaning of this section. N.Y.Veh. & Traf.Law § 125 (McKinney 1986). All insurance policies issued to the owner of a vehicle used in New York must "contain a provision for indemnity or security against the liability and responsibility provided" in § 388. N.Y. Veh. & Traf.Law § 388(4) (McKinney 1986); *see also* N.Y.Ins.Law § 3420(e) (McKinney 1985). This statute is intended to assure that an innocent party injured by the negligent operation of a motor vehicle has "recourse to a financially responsible defendant." *Continental Auto Lease Corp. v. Campbell*, 19 N.Y.2d 350, 352, 280 N.Y. S.2d 123, 124, 227 N.E.2d 28, 29 (1967); *see also Motor Vehicle Accident Indemnification Corp. v. Continental National American Group Co.*, 35 N.Y.2d 260, 264, 360 N.Y.S.2d 859, 862, 319 N.E.2d 182, 184–85 (1974).

In *Randazzo v. Cunningham*, 56 A.D.2d 702, 392 N.Y.S.2d 740 (4th Dept.1977), *aff'd on opinion below*, 43 N.Y.2d 937, 403 N.Y. S.2d 894, 374 N.E.2d 1245 (1978), an exclusionary clause identical to that contained in the Protective policy was declared void because it violated the public policy underlying § 388. In that case, an insurance policy was issued to the owner of a tractor containing a clause which provided that the policy would not cover accidents occurring "while the automobile is being used in the business of any person or organization to whom the automobile is rented." *Id.* 56 A.D.2d at 702, 392 N.Y.S.2d at 741. The

tractor was leased to a carrier engaged in interstate commerce when the negligence of the lessee's employee caused an accident injuring another motorist. The court struck the exclusionary clause from the policy and required the owner's insurer to pay the injured motorist's damages.

Protective maintains that the result reached in Randazzo contravenes the established practice of the insurance industry, which places primary responsibility for liabilities incurred as the result of the negligent operation of a tractor-truck and trailer transporting goods in interstate commerce on the lessee of the tractor. *See, e.g., Allstate Ins. Co. v. General Fire and Casualty Co.*, 348 F.Supp. 682, 685 (E.D.Pa. 1972). This industry practice conforms with a pervasive federal regulatory scheme placing the control and responsibility for the interstate transportation of goods in the hands of carriers licensed by the Interstate Commerce Commission ("ICC"). *See, e.g.*, 49 C.F.R. §§ 1057.11, 1057.12 (1985); *Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc.*, 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975). Specifically, ICC regulations impose on the lessee of a tractor the burden of obtaining insurance for accidents occurring while the tractor is being used by the lessee to transport goods in interstate commerce. 49 C.F.R. § 1057.12(j) (1985). Protective notes that these federal regulations and the insurance industry practice consistent with them do not undermine the public policy considerations underlying New York's financial responsibility laws since ICC carriers are required to carry insurance far exceeding the minimum requirements of New York Law.[2]

---

**2.** Under 49 C.F.R. § 1043.2(b)(2), a carrier shipping non-hazardous goods in interstate commerce using a freight vehicle of 10,000 pounds or more must carry at least $750,000 worth of insurance. 49 C.F.R. § 1043.2(b)(2) (1985). In contrast, New York's Vehicle and Traffic Law requires minimum coverage of $10,000 for bodily injuries to an individual and $50,000 for the death of an individual resulting from an accident caused by the negligence of the insured or a permissive user in the operation of a motor vehicle within New York, and coverage of $20,-

000 for the bodily injuries of more than one individual and $100,000 for the death of more than one individual as a result of the negligent operation of a motor vehicle within the state. N.Y.Veh. & Traf.Law § 311(4)(a) (McKinney 1986). Section 311 also requires an owner of a vehicle operated within New York to carry $5,000 worth of insurance for the destruction of property as a result of the negligent operation of the vehicle. N.Y.Veh. & Traf.Law § 311(4)(a) (McKinney 1986).

The New York legislature is well aware of the federal regulatory scheme governing interstate carriers and has adjusted the provisions of New York's financial responsibility laws accordingly. For instance, vehicles operating under a valid ICC permit are exempted entirely from compliance with Article 6 of the Vehicle and Traffic Law, which contains the primary provisions [3] requiring owners of motor vehicles to maintain financial security adequate to assure some compensation of those injured by the negligent use of such vehicles. N.Y.Veh. & Traf.Law § 321 (McKinney 1986). With respect to Vehicle and Traffic Law § 388, the courts have found that a truckmen's endorsement contained in an insurance policy issued to an owner of a tractor will not violate New York's public policy if the exclusionary clause applies only when the tractor is "in the custody of a lessee under a written lease agreement which requires the lessee to provide insurance thereon." *American Home Assurance Co. v. Hartford Insurance Co.*, 74 A.D.2d 224, 226, 427 N.Y.S.2d 26, 28 (1st Dept.1980). The distinction between the exclusionary clause at issue in *Randazzo*, which was found to violate § 388, and that at issue in *American Home*, which was enforced, was that the latter endorsement by its terms limited itself to leases requiring the lessee to obtain insurance coverage. In *Randazzo*, no such limitation was included in the exclusionary clause at issue. *See Randazzo*, 56 A.D.2d at 702, 392 N.Y. S.2d at 741; *compare American Home*, 74

A.D.2d at 226, 427 N.Y.S.2d at 28. Without this limitation, the exclusion swept too broadly, including within it the rental of the vehicle to an unlicensed and potentially uninsured lessee.

In the present case, the truckmen's endorsement found in the Protective policy is identical to that found violative of § 388 in *Randazzo*. The endorsement does not limit its scope to lessees required to provide insurance coverage by the terms of the lease agreement. Though the lessee of the tractor in the present case was in fact a licensed ICC carrier required to provide insurance coverage under the applicable federal regulations, this fact does not validate the defective exclusionary clause. *Randazzo*, 56 A.D.2d at 703, 392 N.Y.S.2d at 741. The Protective policy contained no limitation upon the rental agreements of the insured that would be excluded from coverage under the policy and thus the truckmen's endorsement in the policy is contrary to New York public policy on its face. This defect is not rectified by the fact that the lease agreement between Morris and Truck One would have fallen within the parameters of a properly drafted exclusionary clause. *See id.*, 392 N.Y.S.2d at 741.

Since the truckmen's endorsement contained in the Protective policy violates New York's public policy, the offensive provision must be struck from the policy. *See, e.g., Motor Vehicle Accident Indemnification Corp. v. Continental Na-*

**3.** Article 6 of the Vehicle and Traffic Law contains the primary provisions requiring owners of motor vehicles being operated within the State of New York to carry insurance for any damages or injuries resulting from the negligent operation of such vehicles within New York. *See* N.Y.Veh. & Traf.Law § 310(2) (McKinney 1986). The term "motor vehicle" as used in Article 6 includes tractor-trucks, trailers, and semi-trailers. N.Y.Veh. & Traf.Law § 311(1) (McKinney 1986). The owner of a motor vehicle must "maintain proof of financial security continuously" throughout the period in which the vehicle is registered in New York. N.Y.Veh. & Traf.Law § 312(1)(b) (McKinney 1986). Article 6 requires that an application to register a motor vehicle must be accompanied by "proof of financial security," most commonly evidence

by proof of insurance. N.Y.Veh. & Traf.Law § 312(1)(a) (McKinney 1986). Under § 311(4) of the Vehicle and Traffic Law, an "owner's policy of liability insurance" is defined as one which "[a]fford[s] coverage as defined in the minimum provisions prescribed in a regulation ... promulgated by the [New York Superintendent of Insurance] ...." N.Y.Veh. & Traf.Law § 311(4)(a) (McKinney 1986). The regulation referred to in the statute requires, among other things, that the policy issued to the insured must cover not only the owner of the motor vehicle but also other permissive users and other persons or organizations legally responsible for the acts or omissions of the owner or permissive user of the vehicle. *N.Y.Admin.Code* tit. 11, § 60.1(c)(1)–(3) (1985).

1386

*tional American Group Co.*, 35 N.Y.2d 260, 360 N.Y.S.2d 859 (1974); *Rosado v. Eveready Insurance Co.*, 34 N.Y.2d 43, 356 N.Y.S.2d 8, 312 N.E.2d 153 (1974); *Randazzo*, 56 A.D.2d 702, 392 N.Y.S.2d 740. The Protective policy, if read without reference to the truckmen's endorsement, provides primary insurance for accidents involving the tractor. The Transport policy, on the other hand, is an "umbrella policy" covering a number of risks arising out of the normal course of the insured's business and is designated as excess insurance. Under New York law, an "umbrella policy" such as that issued by Transport "is not required to contribute toward a loss until the limits of a liability policy covering the injury-causing automobile ... have been exhausted." *State Farm Fire and Casualty Co. v. LiMauro*, 65 N.Y.2d 369, 371, 492 N.Y.S.2d 534, 536, 482 N.E.2d 13, 15 (1985). Therefore, Protective was obligated to defend the liability action against Morris and to indemnify up to the limits of the policy it issued. Accordingly, Transport should be reimbursed by Protective for the expenses it incurred defending Morris in the state court action, and Protective must compensate Keneston in accordance with the settlement agreement up to the limits of the policy it issued to Morris.

It is so Ordered.