OPINION OF THE COURT
Joan B. Lefkowitz, J.
FACTUAL AND PROCEDURAL BACKGROUND
Retail Express, Inc., an interstate carrier licensed by the Interstate Commerce Commission, and which is incorporated in New Jersey, executed a lease, as lessee, with TM Trucking, as lessor, a company located in the State of Pennsylvania. The lease pertained to a Mack tractor trailer combination and driver, defendant Charles Patterson. The lease was for periods of 30 days, automatically renewable for like periods unless cancelled. The lease required the lessor to maintain property damage insurance for damage caused by its employees and for the lessee to maintain personal injury liability insurance. The lease was nonexclusive in that TM Trucking could use the tractor trailer when it was not needed by Retail Express Inc.
The lease was renewed on several occasions. During one renewal, on May 23, 1990, the tractor trailer was initially being operated by Mr. Patterson on behalf of Retail Express, with appropriate placards, to transport a beer cargo from Newark, New Jersey, to Lake Kiamesha, New York. Once that was done the truck was allegedly used on behalf of defendant Moser doing business as T&M Trucking to transport another cargo of beer from defendants Howard doing business as The Beer Store in Lake Kiamesha to Freeport (Long Island), New York.
En route to Freeport the tractor trailer was involved in an accident on the Tappan Zee Bridge between Westchester and Rockland Counties. It apparently struck the rear end of an automobile (probably registered in Connecticut) owned and *69 operated by defendant Peter DiNapoli in which defendant J. Eric Gunther a resident of Rockland County was a passenger. Also involved in the collision was an unattended, stationary truck owned by defendant, the New York State Thruway Authority. Apparently there was a fire as a result of the accident. The Thruway Authority truck and the leased tractor trailer and its cargo were destroyed.
As might be expected, several lawsuits emanated from this accident. Mr. Gunther and his wife have commenced an action for damages for personal injuries in the Supreme Court, Rockland County, index No. 1313/91, against Messrs. Patterson, Theodore Moser and DiNapoli. That action is pending before myself. Mr. DiNapoli has sued Mr. Patterson and Theodore Moser for personal injury damages in the Supreme Court, Rockland County, index No. 7668/92, which action is before Justice Bergerman. The Gunthers have also sued the New York State Thruway Authority and New York State for damages in the Court of Claims. The New York State Thruway has sued Mr. Patterson, Charles Moser and an entity called Greencap Trucking, Inc. (as alleged owner of the trailer), for $35,256.91 property damages, in the Supreme Court, Albany County, index No. 85/92. Mr. Howard doing business as The Beer Store sued Carl Moser doing business as T&M Trucking, Ted Moser doing business as TM Trucking, Mr. Patterson and Retail Express, Inc. for property damage (lost cargo), in the Supreme Court, Sullivan County. On October 26, 1992 Mr. Howard obtained a default judgment in the sum of $28,728.43 against Messrs. Moser, Moser and Patterson. The Thruway Authority has also commenced a separate action in the Supreme Court, Albany County, against Retail Express for property damage, index No. 292/93, in the sum of $35,256.91.
This is an action for declaratory judgment. Plaintiff Planet Insurance Company (hereafter referred to as Planet) insured Retail Express, Inc. by way of a truckers policy (No. 147144701) providing for $1,000,000 coverage for an accident. Under Planet’s policy an "insured” includes any person operating the leased vehicle with the permission of Retail (part IV, D, at 2). Planet disclaimed coverage approximately five months after receiving notice of the accident on the ground that the tractor trailer combination was not being used on behalf of its insured, Retail Express, at the time of the accident and, therefore, under the definition of "insured” in the policy (part III, D.l-5) neither the operator (Mr. Patterson) *70 nor lessor-owner (Mr. Moser, T&M Trucking) were insureds under the policy. Planet also disclaimed coverage for the Howard cargo claim pursuant to an exclusion in the policy for property in the insured’s care (if the cargo was in Retail Express’ control) (part III, C.6).
Defendant, the Insurance Company of the State of Pennsylvania (hereafter referred to as ICSP), issued a $300,000 non-trucking use policy (No. TEA 7142461 RA) to TM Trucking (presumably the same T&M Trucking sued herein). Endorsement No. 11 to the policy provides a limitation on coverage to exclude coverage where the tractor "is being used to carry property in any business” (No. 11, B). The same endorsement provides "bobtail” coverage; that is coverage for the truck cab use only and excludes coverage when a trailer is attached to the truck (Hartford Ins. Co. v Occidental Fire & Cas. Co., 908 F2d 235, 236, n 2 [7th Cir 1990]; Wenkosky v Protective Ins. Co., 698 F Supp 1227, 1228 [MD Pa 1988]). "Apparently, the insurance afforded is for liability coverage while the tractor is being delivered or returned from the lessee and not attached to any trailer carrying cargo.” (Brun v George W. Brown, Inc., 56 Misc 2d 577, 579 [Sup Ct, Kings County 1968].) The definition of an insured in ICSP’s policy includes the named insured and anyone else using the named insured’s vehicles with exceptions not germane to this litigation.
ICSP’s policy in its "other insurance” provision (section IV, B.5) provides that it is primary as to equipment owned by the named insured. Planet’s policy provision in point "Other Insurance” (part VII, section B, at 5) provides that it is primary only when the covered vehicle is being used exclusively on Retail’s business. The ICSP policy in endorsement No. 2 provides: "We agree with you that if any of the provisions of the endorsement, 'Truckers Insurance for Non-Trucking Use’ CA2309 (01 87) are held to be void or unenforceable under the law of any jurisdiction, for reasons of public policy, violation of statute, or otherwise, we will not pay any sum in excess of the minimum amounts required by the Financial Responsibility Laws of such jurisdiction, and then only after all other valid and collectible insurance available to the insured, or which would be available to the insured in the absence of this policy, has been exhausted.”
Defendants Aetna Casualty & Surety Company and Automobile Insurance Company of Hartford, Connecticut (hereinafter referred to collectively as Aetna) issued automobile liability *71 policies to Mr. DiNapoli and the Gunthers against which putative claims on uninsured coverage have been made.
(The court held as to preliminary matters that Retail Express, Inc. was not an "owner” within the meaning of section 388 of the Vehicle and Traffic Law and that the plaintiffs had standing to bring the action. The court opined that it might be prudent to require both the lessor and lessee’s insurers to provide a defense in the underlying personal injury actions, citing Cordial Greens Country Club v Aetna Cas. & Sur. Co. [41 NY2d 996 (1977)], but then addressed the heart of the legal argument presented regarding New York’s public policy requiring motor vehicles to carry insurance.)
PUBLIC POLICY
Nonetheless, the parties have vigorously presented their legal arguments and need for resolution of the public policy questions, which, it appears, must be addressed if the cases are to be resolved by settlement. To that end and for purposes of completeness (and to avoid delay in the underlying actions if an appeal is taken from a claimed imperfect declaratory judgment) the court shall reach the merits of the controversy presented.
Under New York State’s Motor Vehicle Financial Security Act (Vehicle and Traffic Law § 310 et seq.) owners of motor vehicles registered in this State, including tractor trailers (§311 [2]), must maintain proof of financial security or insurance (§ 311 [3], [4] [a]; § 312 [1] [a], [b]) which covers permissive users (§ 388 [1], [4]; 11 NYCRR 60-1.1 [c] [l]-[3]). The purpose of the legislative scheme is to assure that one injured by reason of negligence of an owner or permitted operator may have recourse to a financially responsible defendant. (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352; see, McGowan v Marcus, NYLJ, Nov. 8, 1993, at 35, col 1 [Sup Ct, Rockland County].) Consequently, by way of illustration, the Court of Appeals has held that an insurer of a lessor may not escape responsibility where the lease excluded certain uses or users of the motor vehicle, by applying the fiction of constructive consent by the lessor to the use or user. (MVAIC v Continental Natl. Am. Group Co., 35 NY2d 260 [1974].)
Pertinent regulations of the Interstate Commerce Commission applicable herein include 49 CFR 1057.12 (c) (1) which requires the lease to provide that the lessee have exclusive control over the equipment for duration of the lease and shall *72 assume complete responsibility for operation of the equipment for the duration of the lease. The Federal statute clarifies this to make the lessee responsible as an owner during the duration of the lease. (49 USC § 11107 [a] [4].) The only exception from this requirement is where the lessee is the authorized carrier of household goods and then the lease is allowed to provide that exclusive control and complete responsibility of the lessee be limited to when the equipment is being used by or for the lessee. (49 CFR 1057.12 [c] [3].)
Section 1057.22 (c) (2) mandates that the lease specify that control and responsibility for the operation of the equipment remain with the lessee until possession is given to the lessor. The cited section also speaks of receipts from lessee to lessor and vice versa under section 1057.11 (b) but such receipts may not always be required on return of possession (49 CFR 1057.11 [b] [2]).
The purpose behind these regulations and the amendments to the Motor Carrier Act of 1935 (and 1980) as incorporated in the Interstate Commerce Act is to protect the public from abuse and confusion surrounding responsibility for accidents involving vehicles licensed in interstate commerce and to apply stringent Federal regulations for safety purposes. (American Trucking Assns. v United States, 344 US 298, 302-306 [1952].) Thus, apart from questions of insurance, it has been held that the Federal regulations render the lessee, an authorized carrier, liable for the negligence of its driver which occurred during duration of the lease but after completion of delivery of the cargo. (Baker v Roberts Express, 800 F Supp 1571 [SD Ohio, WD 1992].)
Furthermore, the Interstate Commerce Commission in a comment on proposed changes to certain lease and interchange of vehicle rules (49 CFR part 1057) has said (3 ICC2d 92, 93, 1986 WL 62968 [1986]): "We prefer that courts decide suits of this nature by applying the ordinary principle of State tort, contract, and agency law. The Commission did not intend that its leasing regulations would supersede otherwise applicable principles of State tort, contract, and agency law and create carrier liability where none would otherwise exist. Our regulations should have no bearing on this subject. Application of State law will produce appropriate results.” (See, Paul v Boggle, 193 Mich App 479, 484 SW2d 728 [Ct App 1992].) Consequently, one authority has said: "The liability of the respective insurers is largely determined by their policies rather than by the lease agreements.” (8A Appleman, Insur *73 anee Law and Practice § 4911, at 493 [rev ed 1981]; American Interinsurance Exch. v Occidental Fire & Cas. Co., 847 F2d 1300 [7th Cir 1988].) The quoted authority further observed that it is not a violation of public policy to shift or allocate loss between primary and excess insurers where leases in interstate commerce are involved, as long as insurance coverage does exist. (8A Appleman, op. cit, at 499.) The problem, of course, is when the insurers all disclaim or deny coverage.
In an early case involving quasi in rem jurisdiction by attachment of the owner’s (lessor of trailer) insurance policy as then permitted under Seider v Roth (17 NY2d 111 [1966] [overruled in Rush v Savchuk, 444 US 320 (1980)]), the Court gave effect to the insurance policy exclusion of coverage when the trailer was being used in the lessee’s business and vacated the attachment since no duty to defend or indemnify existed. (Brun v George W. Brown, Inc., 56 Misc 2d 577, supra.)
In Randazzo v Cunningham (56 AD2d 702, affd on opn below 43 NY2d 937) the lessor (Perdue) was insured by Merchants Mutual Insurance Co. and the lessee (Ohio Freight) was insured by Transport Indemnity Company. Merchants’ policy had an exclusion providing no coverage when the leased vehicle was being used in the lessee’s business. The accident occurred while the leased truck was being used on the lessee’s business. The Appellate Division held that the exclusion was void against public policy as expressed in Insurance Law (now § 3420 [e]) and Vehicle and Traffic Law (§ 388 [1], [4]), requiring existence of insurance to meet the minimum standards of liability coverage.
Arguments similar to those advanced herein, i.e., otherwise it is possible for an uninsured vehicle to operate on New York roadways, etc., were advanced.
The Court in dictum noted that the exclusionary clause did not require the existence of other insurance to meet the minimum requirements of New York law. At bar, language in endorsement No. 4 to the ICSP policy requires that the lessee be required to carry personal injury and property damage insurance while the leased equipment is being used by the lessee. Seemingly, the existence of such language does not alter the result in Randazzo (supra) as the Court there further noted that the "no liability” clause was not saved by the existence of insurance provided by the lessee (56 AD2d, at 703). Consequently, it appears that the presence or absence of language in the lessor’s policy insuring at minimum standards *74 (i.e., $10,000/20,000 coverage; see, 11 NYCRR 60-1.1 [a]) if part of the policy is declared void, also will not change the result. (See, Mt. Vernon Fire Ins. Co. v Traveler’s Indem. Co., 63 AD2d 254 [1st Dept 1978] [exclusionary clause of trailer’s insurer of no coverage unless tractor also insured by same insurer is invalid although tractor was insured by different insurer], affd on other grounds 47 NY2d 575 [1979].)
Indeed, the language of endorsement No. 2 is not given effect where an exclusion is voided on public policy grounds because the policy of insurance must be deemed to provide the coverage it otherwise specifies as if the endorsement did not exist, so as to provide full coverage to the insured and afford innocent persons adequate financial recourse. (Rosado v Eveready Ins. Co., 34 NY2d 43; see, Insurance Law § 5107 [a], [b].)
In Transport I (Transport Ins. Co. v Protective Ins. Co., 647 F Supp 1381) and Transport II (Transport Ins. Co. v Protective Ins. Co., 696 F Supp 870) the courts declared invalid under New York law the lessor’s insurer’s exclusion of no coverage when the tractor trailer was being used in the lessee’s business or in any business. In Transport I (647 F Supp, at 1384) Chief Judge Munson followed the rationale of Randazzo v Cunningham (56 AD2d 702, supra). Similarly, Judge Brieant in Transport II indicated his agreement with both decisions and also distinguished American Home Assur. Co. v Employers Mut. (77 AD2d 421), discussed herein by the parties, where the Appellate Division, First Department, held a rental exclusion valid under Connecticut law where the policy was issued, but invalid here, because primary and excess coverage was in effect. A similar distinction was made by Judge Munson in Transport I concerning American Home Assur. Co. v Hartford Ins. Co. (74 AD2d 224 [1st Dept 1980]).
In Planet Ins. Co. v Transport Indem. Co. (823 F2d 285 [9th Cir 1987]) the court commented on the lessor’s insurance policy exclusion when the truck was used in any business or the lessee’s business: "Similar exclusions are often included in policies designed to provide coverage for the trucks of owner-operators when their equipment is not being used for business” (823 F2d, at 286). There, the accident occurred while on the lessee’s business and the lessee’s insurance was applicable. The court refused to declare the exclusionary language in the lessor’s policy invalid on the hypothetical situation where no coverage might occur. A similar result was reached in Hartford Ins. Co. v Occidental Fire & Cas. Co. (908 F2d 235 [7th Cir 1990], supra [lessee’s insurance covered accident that occurred *75 while leased vehicle on lessee business; exclusionary language in lessor policy of no coverage when leased vehicle used on lessee’s business not invalid]).
DECLARATORY RELIEF
The court concludes that the lessor’s policy, ICSP, applies herein as primary insurance under the rationale of Randazzo v Cunningham (56 AD2d 702, supra) and its ilk. (46 CJS, Insurance, § 963.) The exclusionary language relied upon is declared void as against public policy. Similarly, the court finds that Planet’s insurance coverage applies herein as excess because the driver, Patterson, was using the leased equipment with the permission of the lessee, Retail Express, Planet’s insured, even if not on Retail’s business and Patterson is an "insured” within the meaning of Planet’s policy (part III, D.2, 5).
The default judgment in the Gunther action is vacated and ICSP is directed to serve and file an answer on behalf of Patterson and Moser therein.
As to the lost cargo damage action, Planet’s policy does not provide coverage for cargo loss and, therefore, ICSP must attempt to provide a defense in the Sullivan County action and seek vacatur of the default judgment therein.
As to the property damage action in Albany County, the lessor agreed in the lease to hold Retail Express harmless for damages to property (i.e., the Thruway truck) if caused by the act of its employees (i.e., Mr. Patterson). Consequently, the court directs that ICSP provide a defense to the Albany County action (ICSP Policy, section II, A.l, "Insured”; B.2 "Exclusions”).
As to Aetna, in view of the court’s determination regarding coverage, Aetna is not required to pay uninsured benefits. The DiNapoli cross claim against Aetna is meaningless.
[Portions of opinion omitted for purposes of publication.]