**ROYAL INDEMNITY COMPANY,**
**Plaintiff,**

v.

**PROVIDENCE WASHINGTON**
**INSURANCE COMPANY,**
**Defendant.**

No. 95–CV–0593 (FJS).

United States District Court,
N.D. New York.

Feb. 6, 1997.

Brody & Fabiani (John V. Fabiani, Jr., of counsel), New York City, for Plaintiff.

Bouck, Holloway, Kiernan & Casey (Judith S. Karpen, of counsel), Albany, NY, Schindel, Farman & Lipsius (Laurence Rabinovich, of counsel), New York City, for Defendant.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

This is a diversity action for indemnification in which Plaintiff Royal Indemnity Company ("Plaintiff") alleges that Defendant Providence Washington Insurance Company ("Defendant") failed to defend and indemnify Plaintiff for claims arising out of an automobile collision occurring on March 15, 1990. Plaintiff seeks declaratory and monetary relief. Presently before the Court are cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## BACKGROUND

The underlying facts in this case are not in dispute. On March 15, 1990, a 1980 Ford tractor-truck owned by John Van Dorp, Jr. and leased by Deliverance Road Transport, Inc. ("Deliverance")[1] collided with a bicycle ridden by Sylvia Ann Normandin on Interstate 87 near Wilton, New York. At the time of the accident, the tractor-truck was being used in the course of business by Deliverance. Thereafter, Normandin's father brought a personal injury action in the New York State Supreme Court against Deliverance, Van Dorp, and the driver of the tractor-truck, Scott Bodine ("Normandin action").

Deliverance leased tractor-trucks from Van Dorp for use in its business pursuant to a Master Lease Agreement dated August 1, 1989. Pursuant to this agreement and federal leasing requirements, Deliverance assumed exclusive possession, control, and use of the leased equipment. 49 C.F.R. § 1057.12(c). In addition, Deliverance agreed to obtain full public liability insurance while Van Dorp agreed to obtain non-trucking use insurance coverage, that is, "bobtail" coverage, which would cover the tractor-truck in all instances when it was not being used in the course of business of Deliverance.

As required by the lease, Deliverance obtained full public liability insurance through a policy provided by Plaintiff.[2] As part of his obligation under the lease, Van Dorp obtained a "Truckmen–Insurance for Non–Trucking Use" policy from Defendant. This policy contains a "bobtail" exclusion. A "bobtail" exclusion is designed to exclude from coverage those instances in which a lessor's vehicle is used in the business of the lessee. When the vehicle is used other than in the business of the lessee, the bobtail exclusion does not apply and Defendant's insurance policy provides coverage. *Connecticut Indem. Co. v. Varela*, 1995 WL 16800, at *1 (S.D.N.Y. Jan. 18, 1995).[3]

---

1. Deliverance is a common carrier authorized by the Interstate Commerce Commission to haul commodities in interstate and intrastate commerce.

2. Plaintiff issued a Trucker's Coverage Liability Insurance policy to Deliverance in which Plaintiff agreed to pay "all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto." Deliverance was the named insured under the policy.

3. Specifically, Defendant's policy excludes the following: (1) A covered auto while used to carry property in any business; (2) A covered auto while used in the business of anyone to whom the auto is rented; and (3) During such time as the power unit (tractor) is used for the towing or transporting of any trailer or semi-trailer, or

In accordance with its insurance policy, Plaintiff undertook the defense of all three defendants in the Normandin action and ultimately settled the action for $900,000 and incurred $29,163.49 in legal fees. Defendant refused to share in the cost of settlement and defense expenses incurred by Plaintiff on the basis that the bobtail exclusion applied. Plaintiff seeks to recover $464,581.74, or fifty percent of the settlement and attorney's fees, from the Defendant pursuant to the "Other Insurance" clauses contained in both policies, which require each insurer to contribute ratably in proportion to its policy limits. As stated, presently before the Court are cross-motions for summary judgment.

## DISCUSSION

Plaintiff contends that the bobtail exclusion contained in Defendant's policy is invalid in New York because it contravenes public policy as contained in New York Vehicle and Traffic Law section 388, New York Insurance Law section 3420(e), and New York Codes, Rules, and Regulations section 60–1.1. Plaintiff asserts that when the bobtail exclusion is stricken from Defendant's policy, Defendant becomes a primary insurer of all the defendants in the Normandin action. Defendant contends that the bobtail exclusion is enforceable in New York, and therefore, no duty exists to defend or indemnify. Alternatively, Defendant asserts that even if the exclusion is invalid, Defendant's financial responsibility should be limited to $10,000, as set forth in New York Insurance Law section 3420(e).

Pursuant to Rule 56(c), summary judgment is warranted if, when viewing the evidence in a light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 457, 112 S.Ct. 2072, 2076–77, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.*, 991 F.2d 49, 51 (2d Cir.1993). "It is well-settled that the construction of certain provisions in an insurance policy

which does not require an inquiry into the parties' intentions or the consideration of outside and conflicting evidence properly may be resolved by summary judgment." *Kurtin v. National Railroad .Passenger Corp.*, 887 F.Supp. 676, 679 (S.D.N.Y.1995) (citations omitted). It is undisputed that New York law applies in this action. See *R.E. Turner, Inc. v. Connecticut Indem. Co.*, 925 F.Supp. 139, 144 (W.D.N.Y.1996) (New York law applies even where insurance policy issued elsewhere).

## I. Validity of Bobtail Exclusion

■ As noted above, Plaintiff contends that Defendant's bobtail exclusion is invalid because it contravenes public policy as contained in New York Vehicle and Traffic Law section 388 and New York Insurance Law section 3420(e). Defendant, however, asserts that the .exclusion is valid because other insurance was available and in effect at the time of the accident.

Section 388 of New York's Vehicle and Traffic Law provides that a person injured by the negligent operation of a motor vehicle should have recourse against a financially responsible defendant. N.Y.Veh. & Traf. Law § 388 (every owner of a vehicle "shall be liable for death or injuries to person or property resulting from negligence in the use or operation of such vehicle"). In addition, all insurance policies issued to an owner of a vehicle used in New York must "contain a provision for indemnity or security against the liability and responsibility provided" in section 388(1). *Id.* § 388(4); *see also* N.Y.Ins.Law § 3420(e) (no policy shall be issued "unless it contains a provision insuring the named insured against liability ·for death or injury").

In addressing "bobtail exclusions" vis-a-vis New York public policy, New York courts have been fairly uniform in finding a violation of public policy unless the insurance policy containing the exclusion by its terms requires a lessee to obtain other insurance coverage. *Randazzo v. Cunningham*, 56 A.D.2d 702, 392 N.Y.S.2d 740, 741 (4th Dep't

---

while the power unit is in the process of having a trailer or semi-trailer attached to or detached

from it, ·unless such trailer or semi-trailer is owned by you and specifically described above.

1977), *aff'd on opinion below,* 43 N.Y.2d 937, 374 N.E.2d 1245, 403 N.Y.S.2d 894 (1978); *Transport Ins. Co. v. Protective Ins. Co.,* 647 F.Supp. 1381, 1385 (N.D.N.Y.1986) (*"Transport I"*); *R.E. Turner, Inc.,* 925 F.Supp. at 148 (insurance policy with bobtail exclusion failed to require lessee to provide adequate insurance). Otherwise, by not limiting itself, "the exclusion [sweeps] too broadly," and may include rental of vehicles to lessees with either no insurance or insurance that fails to meet the state's minimum standards of coverage, leaving an injured party without recourse. *Transport I,* 647 F.Supp. at 1385.[4]

In the instant case, Defendant's policy containing the bobtail exclusion does not "by its terms" require the lessee to obtain other insurance coverage. Although Defendant asserts that its company practice was to issue policies only to lessor applicants leasing trucks to common carriers under an arrangement requiring the lessee to obtain bodily injury and property damage insurance, this fact does not validate the bobtail exclusion. *See Transport I,* 647 F.Supp. at 1385 (fact that licensed Interstate Commerce Commission carriers are required to provide insurance coverage under federal regulations does not validate the exclusion clause). Therefore, the Court finds that the bobtail exclusion in Defendant's policy is contrary to New York public policy on its face.

As a result, the Court must strike the bobtail exclusion from Defendant's policy. *See Transport I,* 647 F.Supp. at 1385–86; *see*

also *Randazzo,* 56 A.D.2d at 703, 392 N.Y.S.2d at 741. When Defendant's policy is read without the bobtail exclusion, Defendant becomes a primary insurer in the Normandin action.

## II.  Amount of Liability

■ Defendant asserts that if the bobtail exclusion is invalid, its maximum exposure should be limited to $10,000, pursuant to the financial security requirements of New York Insurance Law section 3420(f)(1).[5] In support of its position, Defendant cites *Morris v. Snappy Car Rental, Inc.,* 84 N.Y.2d 21, 637 N.E.2d 253, 614 N.Y.S.2d 362 (1994), for the proposition that the requirements of Vehicle and Traffic Law section 388 providing for recourse to a financially responsible defendant are not mandatory in amounts in excess of the $10,000 limit.

However, in *Morris,* the court held that while a rental car company could not contract away its responsibility to maintain coverage mandated under the New York State's Vehicle and Traffic Law, it could provide only the minimum statutory amounts required (e.g., limit its liability to $10,000). *Id.* at 28–29, 637 N.E.2d at 255–56, 614 N.Y.S.2d at 364–65. This is different from the case at bar, where Defendant is attempting to limit its liability under an already negotiated and purchased insurance policy containing an exclusion which the Court has found violates public policy. *See R.E. Turner,* 925 F.Supp. at

---

**4.** Defendant argues that the Court should hold that bobtail exclusions do not violate public policy where other insurance policies are available or in effect at the time of the accident, and relies on the analysis of *Transport Ins. Co. v. Protective Ins. Co.* (*"Transport II"*) for support. 696 F.Supp. 870 (S.D.N.Y.), *aff'd,* 868 F.2d 1267 (2d Cir.1988). In *Transport II,* the court invalidated the bobtail exclusion in the truck owner's policy only after determining that the lessee's insurance carriers had no liability. 696 F.Supp. at 873.

However, the Court finds that the rule adopted in *Transport I* and *Randazzo* described above is preferable to the analysis set forth in *Transport II* in that it is the more effective way of enforcing New York's public policy, i.e., every person injured by the negligent operation of a motor vehicle shall have recourse against a financially responsible defendant. By requiring the terms of the insurance policy itself to spell out the coverage to be obtained, the public policy concern is

met, namely, that all insurance policies issued to owners of vehicles used in New York must "contain a provision for indemnity or security against the liability and responsibility provided." N.Y.Veh. & Traf.Law § 388(4); *see also* N.Y.Ins. Law § 3420(e). Therefore, the Court declines to adopt the analysis set forth in *Transport II.*

**5.** Section 3420(f)(1) provides that "[n]o policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle ... unless it contains a provision whereby the insurer agrees that it will pay to the insured, as defined in such provision, ... all sums, not exceeding a maximum amount or limit of ten thousand dollars exclusive of interest and costs." In 1995, the New York State Legislature increased the limit to $25,000.

149. Permitting Defendant "to limit its liability even in cases where its policy exclusion is found to be invalid would render the finding on the issue of validity essentially meaningless." *Id.* Therefore, Defendant's argument fails.

The Court finds that, because Defendant's bobtail exclusion is invalid, its policy should be interpreted as if the exclusion did not exist. *See e.g., Transport II,* 696 F.Supp. at 873. Accordingly, Defendant is a primary insurer and is obligated under the terms of its policy to reimburse Plaintiff for its pro-rata share of the cost to defend and settle the Normandin action.

### Conclusion

After carefully reviewing the arguments of counsel, the papers submitted, and the relevant case law, it is hereby

ORDERED that Defendant's motion for summary judgment is DENIED. It is further

ORDERED that Plaintiff's motion for summary judgment is GRANTED, and the Clerk of the Court is directed to enter Judgment in favor of Plaintiff in the amount of $464,581.74.

**IT IS SO ORDERED.**