OPINION OF THE COURT
Levine, J.
In this Federal litigation between the insurer of the owner of *656 a truck and the insurer of the trucking company lessee of the truck, the issue is the validity of a clause in the owner’s “bobtail” policy[1] which excluded from coverage any accident occurring while the truck was being used in the business of the lessee. The United States Court of Appeals for the Second Circuit certified the following questions to us:
“(1) Whether a non-trucking-use exclusion from coverage in an insurance policy obtained by the owner of a commercial vehicle is valid under New York law, despite the absence of express language in the policy stating that the exclusion is effective only if the vehicle’s lessee is required to obtain insurance coverage, where the insurer has established that its standard underwriting policy is not to issue a policy containing such an exclusion unless the vehicle owner has provided proof that the vehicle’s lessee has insurance coverage.
“(2) If the non-trucking-use endorsement is not valid to exclude coverage entirely, whether such an endorsement is nonetheless valid to limit liability to the financial security minima required by New York law.”
 We now answer both questions in the negative, concluding that the non-trucking-use exclusion at issue in this case violates New York law and public policy and that the owner’s policy must be read as if the exclusion did not exist.
The certified questions arise from the following facts. John Van Dorp leased a tractor-trailer to Deliverance Road Transport, Inc. (Deliverance). Pursuant to the lease agreement, Royal Indemnity Insurance Company (Royal) issued a truckers liability insurance policy to Deliverance, and Providence Washington Insurance Company (Providence) issued a non-trucking-use policy to Van Dorp. Scott Bodine was driving the tractor-trailer in furtherance of the trucking business of Deliverance when it struck and severely injured a bicyclist.
The bicyclist’s guardian ad litem brought suit against Van Dorp, Deliverance and Bodine in Supreme Court. Royal acknowledged that it provided liability coverage and undertook the defense of the action. The case was settled, and Royal paid the $900,000 settlement amount plus $29,163 in legal fees. Royal then brought this action in the United States District Court for the Northern District of New York seeking a declara *657 tory judgment that Providence must indemnify Royal for 50% of the $929,163, pursuant to a clause in Providence’s policy which required it to contribute ratably in proportion to its policy limits.
Royal’s insurance policy covered accidents that took place when the truck was being used in the business of Deliverance. Providence’s non-trucking-use policy was intended to cover all instances when the driver was neither pulling a load, nor returning empty from such a delivery nor otherwise using the truck for business purposes. Thus, under Providence’s policy, the non-trucking-use exclusion created a gap in policy coverage for any loss incurred when the truck was being used in furtherance of Deliverance’s business. On its face, the policy violated the statutory requirement that all “policies of insurance * * * shall contain a provision for indemnity * * * against the liability” (Vehicle and Traffic Law § 388 [4]) “for death or injuries to person or property resulting from negligence in the use or operation of [a] vehicle * * * by any person using or operating the same with the permission * * * of [the] owner” (Vehicle and Traffic Law § 388 [1]; see also, Insurance Law § 3420 [e]; 11 NYCRR 60-1.1 [c] [2]). Randazzo v Cunningham (56 AD2d 702, affd 43 NY2d 937 for reasons stated below) held that a non-trucking-use exclusion, not limited by its terms to circumstances in which the vehicle’s lessee has trucking-use insurance, violates New York law and public policy. Providence’s policy contains no such reference to the existence of trucking-use insurance. Providence did establish, however, that it had followed its standard underwriting procedure not to issue a policy containing a non-trucking-use exclusion until the owner provided proof that the lessee had truckers liability insurance.
The District Court granted Royal’s motion for summary judgment (952 F Supp 125), holding that where, as here, the non-trucking-use exclusion could by its terms apply even though the vehicle is not covered by insurance that meets the State’s minimum standards, it is void as against public policy. The court further determined that defendant’s liability is not limited to the minimum amount of coverage that is required under New York law. Providence appealed to the Second Circuit, which certified the present two questions to us (see, 22 NYCRR 500.17).
This case is not materially different from Randazzo v Cunningham (supra). That it was ultimately shown, as here, that the vehicle’s lessee in fact had truckers liability insurance, does not bring a non-trucking-use exclusion in the owner’s *658 policy into compliance with New York’s statutory requirements if the exclusion would have applied had the lessee not had such insurance (see, Randazzo v Cunningham, supra, 56 AD2d, at 703). Likewise, the policy is not rendered valid simply because the lessee is required by Federal law to obtain other insurance and does so (id.). Since Providence’s exclusion on its face could apply even if the vehicle had no other insurance, the instant case is not distinguishable from Randazzo.
Providence’s argument that the non-trucking-use exclusion is valid because Providence insisted, before any nontrucking policy was issued, that the applicant furnish a copy of the lease agreement and of the lessee’s certificate of insurance, is unavailing. As already noted, the statute requires all “policies of insurance” (Vehicle and Traffic Law § 388 [4]) to contain a provision guaranteeing indemnity against liability arising from permissive operation of the owner’s vehicle, without reference to any insurance company’s practices with respect to the issuance of policies. Randazzo held that the bobtail exclusion was not validated by the fact that the owner leased the truck to a carrier which was engaged in interstate commerce and was therefore required under Interstate Commerce Commission regulations to provide insurance coverage which exceeded New York’s requirements (Randazzo v Cunningham, supra, at 703). Nor, here, was the insistence of the lessor’s insurer that proof of the lessee’s truckers insurance be submitted before issuance of a bobtail policy sufficient to validate the exclusion. In either instance, while an initial gap in coverage might be foreclosed, truckers coverage might not continue to be in effect at some later date when an accident occurs, due for example, to a cancellation or lapse of the lessee’s policy.
The public policy of Vehicle and Traffic Law § 388, Insurance Law § 3420 (e) and 11 NYCRR 60-1.1 (c) (2) requires that the owner’s liability policy must provide the assurance that a party injured by the negligent operation of a motor vehicle has “recourse to a financially responsible defendant” (Morris v Snappy Car Rental, 84 NY2d 21, 29). Because the bobtail exclusion in Providence’s policy does not expressly provide that it is only operative if the lessee has business use liability coverage in effect for the accident in question, the exclusion violates our public policy and is void.[2]
American Home Assur. Co. v Employers Mut. of Wausau (77 AD2d 421, affd 54 NY2d 874 for reasons stated below), relied *659 upon by Providence, is inapposite. That case held that a clause in a vehicle owner’s insurance policy under which the policy does not apply to “any automobile while rented to others” (id., at 422) is valid under Connecticut law. Such a contract can be enforced in New York courts as a matter of comity even if New York law "differs” (id., at 429). Our conclusion today that New York law does indeed differ is entirely consistent with that case.
Since the non-trucking-use exclusion is void as against public policy, the policy must be read as if the exclusion did not exist. Where, as here, the policy does not contain a term stating that coverage is limited to the statutory minima (see, Vehicle and Traffic Law § 311 [4] [a]; Insurance Law § 3420 [e]; 11 NYCRR 60-1.1 [a]), if a non-trucking-use exclusion is found to be invalid, no such limitation will be read into the policy (Planet Ins. Co. v Gunther, 160 Misc 2d 67, 70, 74; R.E. Turner, Inc. v Connecticut Indent. Co., 925 F Supp 139, 149-150 [WD NY]; see also, Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57, 60 [“If an attempted exclusion is not permitted by law, the insurer’s liability under the policy cannot be limited”]; cf., Morris v Snappy Car Rental, supra, 84 NY2d, at 29 [insurance policy explicitly limiting coverage to minimum required by State law is valid]).
Thus, the non-trucking-use exclusion at issue is not valid to exclude coverage entirely nor does it limit the insurer’s liability to the financial security minima required by New York law.
Accordingly, the certified questions of the Second Circuit Court of Appeals should each be answered in the negative.
Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur.
Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified questions each answered in the negative.

. A bobtail is the popular term for a tractor (cab) without an attached trailer. Since a trucker who is “bobtailing” is generally not using the vehicle for trucking purposes, non-trucking-use insurance is often called bobtail insurance.

. [3] To the extent that American Home Assur. Co. v Hartford Ins. Co. (74 AD2d 224) holds that a bobtail exclusion referring to a contractual obliga *659 tion of the lessee to obtain business coverage is valid, it is disapproved, because the obligation would be insufficient to provide coverage if the lessee breached the contract by not having insurance in effect at the time of the accident.