722 A.2d 118 (1998)
317 N.J. Super. 331
SELECTIVE INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,
v.
Joseph HOJNOSKI and Helen R. Hojnoski, Defendants,
and
Rider Insurance Company, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1998.
Decided December 30, 1998.
*119 Robert K. Walsh, Cedar Grove, for plaintiff-appellant (Bashwiner and Woods, attorneys).
Elliot Abrutyn, Livingston, for defendant-respondent (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Robert John Aste, on the brief).
Before Judges BAIME, A.A. RODRIGUEZ and KIMMELMAN.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
This appeal requires us to construe the meaning of N.J.A.C. 11:3-2.7, a section of the New Jersey Personal Automobile Insurance Plan (PAIP), which requires insurers doing business in New Jersey to offer uninsured (UM) and underinsured (UIM) coverage up to $500,000. We hold that this regulation must be read as subject to the limitation set by N.J.S.A. 17:28-1.1b, i.e. an insurer cannot offer an amount of UM/UIM coverage which exceeds the bodily injury and property damage limits.
The relevant facts are uncontroverted. On July 2, 1995 defendants Helen and Joseph Hojnoski, New Jersey residents, were injured when the motorcycle they were riding collided head-on with a pick-up truck operated by Richie Richeson. The accident occurred in Gastonia, North Carolina. The Hojnoskis were riding their motorcycle southbound on Interstate 85 when it was hit by Richeson's northbound pick-up truck which crossed the median into their lane of traffic. The Hojnoskis were run over by the truck, sustaining severe personal injuries. They settled with Richeson for $50,000, his policy limits.
At the time of the accident, the Hojnoskis were covered by two insurance policies. One was an automobile insurance policy issued by *120 Selective Insurance Company (Selective) with combined UIM limits of $500,000. The second one was a motorcycle insurance policy issued by Rider Insurance Company (Rider) which provided the following limits for bodily injury: $15,000 per person, $30,000 per accident and $5,000 for property damage. The Hojnoskis made a claim for UIM benefits under the Selective policy. Selective denied their UIM claim and filed a verified complaint against the Hojnoskis and Rider for a declaration of rights. In count one, Selective alleged that the Hojnoskis were not entitled to UIM benefits under the Selective policy. In count two, Selective alleged that Rider violated N.J.S.A. 17:28-1.1b by failing to offer the Hojnoskis UIM benefits up to $500,000.
Selective moved for partial summary judgment on count two. Rider cross-moved for summary judgment. The judge granted Rider's motion for summary judgment, denied Selective's motion for partial summary judgment, and ordered Selective to pay Rider $1,134 in attorney's fees pursuant to R. 4:42-9(a)(6). The judge reasoned that this rule authorizes attorney's fees in a UIM indemnification action. Thereafter, Selective settled the UIM claims with the Hojnoskis for $475,000, but preserved its right to appeal.

I
On appeal, Selective contends that N.J.S.A. 17:28-1.1 requires insurers licensed to do business in New Jersey to offer a motor vehicle insurance policy with UM/UIM limits of up to $250,000 per person/$500,000 per accident or $500,000 combined single limit. In its reply brief, Selective argues for the first time that Rider violated the PAIP, specifically N.J.A.C. 11:3-2.7. This argument is improperly raised. It is well settled that we will not consider an issue not raised below unless it goes to the jurisdiction of the trial court or concerns a matter of substantial public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). It is also improper to raise an issue for the first time in an appellate reply brief. Sulcov v. 2100 Linwood Owners, 303 N.J.Super. 13, 40, 696 A.2d 31 (App.Div.) certif. granted, 152 N.J. 10, 702 A.2d 349 (1997); Warren Twp. v. Suffness, 225 N.J.Super. 399, 412, 542 A.2d 931 (App.Div.), certif. denied, 113 N.J. 640, 552 A.2d 166 (1988). Because there is an apparent conflict between the regulation and the statute, we address the merits of the contention.
The PAIP was established pursuant to N.J.S.A. 17:29D-1. It institutes a plan for the administration and apportionment of automobile and motorcycle insurance. N.J.A.C. 11:3-2.1-2.3. Insurers licensed to do business in this State are required to participate in the PAIP, save certain exempted providers. N.J.A.C. 11:3-2.4. In relevant part, N.J.A.C. 11:3-2.7 provides:
(a) PAIP shall provide to qualified applicants... uninsured/underinsured motorists and physical damage coverages at the minimum levels required by law, including all options thereto.
(b) PAIP shall provide a variety of increased limits for the above coverages, up to the following:
....
2. $250,000 per person/$500,000 per accident for uninsured/ underinsured motorists bodily injury liability coverage and $100,000 for uninsured/underinsured motorists property damage liability coverage, or a combined single limit of $500,000 for uninsured/underinsured bodily injury liability and property damage liability coverages.
Selective contends that Rider violated this section by failing to offer the Hojnoskis the opportunity to purchase UIM coverage up to a combined limit of $500,000. We disagree.
In relevant part, N.J.S.A. 17:28-1.1b provides as follows:
Uninsured and underinsured motorist coverage shall be provided as an option by an insurer to the named insured electing a standard automobile insurance policy up to at least the following limits: $250,000.00 each person and $500,000.00 each accident for bodily injury; $100,000.00 each accident for property damage or $500,000.00 single limit, subject to an exclusion of the first $500.00 of such damage to property for each accident, except that the limits for uninsured and underinsured motorist *121 coverage shall not exceed the insured's motor vehicle liability policy limits for bodily injury and property damage, respectively. (emphasis added)
In New Jersey, every insurer must provide a mandatory floor of UM coverage in the amount of $15,000/$30,000. Taylor v. Nat'l Union Fire Ins. Co., 289 N.J.Super. 593, 601, 674 A.2d 634 (App.Div.), certif. denied, 145 N.J. 376, 678 A.2d 716 (1996). Unlike UM coverage, however, there is no mandatory floor for UIM coverage. Ibid. An insurer need only offer UIM coverage as an option to the named insured. Allgor v. Travelers Ins. Co., 280 N.J.Super. 254, 259, 654 A.2d 1375 (App.Div.1995). N.J.S.A. 17:281.1b provides "a statutory ceiling for both UM and UIM coverage, namely, an amount both not greater than the liability coverage and up to at least $250,000 per person and $500,000 per accident." Taylor, supra, 289 N.J.Super. at 601, 674 A.2d 634. In other words, "an insured cannot purchase more UIM coverage than the liability coverage that has been purchased." Universal Underwriters Ins. Co. v. New Jersey Mfrs. Ins. Co., 299 N.J.Super. 307, 318, 690 A.2d 1104 (App. Div.), certif. denied, 151 N.J. 73, 697 A.2d 546 (1997).
It is uncontested that Rider is a New Jersey corporation authorized by the Department of Insurance to write only motorcycle and moped policies of insurance. Rider provides only the minimum third party coverages required by law, $15,000 per person, $30,000 per accident and $5,000 property damage. Rider has never underwritten a higher level of coverage in any policy of insurance.
Because the Hojnoskis could not purchase UIM coverage above their liability limits, Rider was not obligated to offer them the opportunity to purchase UIM coverage up to the combined limit of $500,000. Universal Underwriters, supra, 299 N.J.Super. at 318, 690 A.2d 1104. N.J.A.C. 11:3-2.7(b)2 cannot alter the terms or frustrate the policy of a legislative enactment. N.J. Chamb. Commerce v. N.J. Elec. Law Enforce. Comm., 82 N.J. 57, 82, 411 A.2d 168 (1980). However, we are mindful that, in construing an administrative regulation, we must "effectuate the legislative intent in light of the language used and the objects sought to be achieved." Wendling v. N.J. Racing Comm'n., 279 N.J.Super. 477, 482, 653 A.2d 582 (App.Div.1995) (quoting State v. Maguire, 84 N.J. 508, 514, 423 A.2d 294 (1980)). Therefore, N.J.A.C. 11:3-2.7 must be read as if it contained the limitation set by N.J.S.A. 17:28-1.1b. DiMaria v. Bd. of Trustees, 225 N.J.Super. 341, 351, 542 A.2d 498 (App.Div.), certif. denied, 113 N.J. 638, 552 A.2d 164 (1988).

II
Selective also argues that the judge erred by awarding Rider counsel fees pursuant to R. 4:42-9(a)(6). We agree. In relevant part, R. 4:42-9 provides:
(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except
....
(6) In an action upon a liability or indemnity policy of insurance, in favor of a successful claimant.
The purpose of this rule "is to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract...." Sears Mortg. Corp. v. Rose, 134 N.J. 326, 356, 634 A.2d 74 (1993). Accordingly, the rule reposes in a judge the discretion to authorize attorney's fees to a successful claimant in the appropriate case. Felicetta v. Commercial Union Ins. Co., 117 N.J.Super. 524, 528, 285 A.2d 242 (App.Div. 1971), certif. denied, 60 N.J. 141, 286 A.2d 514 (1972).
Here, Selective argues that fees should be awarded when an insurer unsuccessfully refuses to indemnify, defend or provide benefits to its insured, not when an insurer loses a dispute with another insurer. We agree. In New Jersey Mfrs. Ins. Co. v. Breen, 297 N.J.Super. 503, 516, 688 A.2d 647 (App.Div.1997), modified on other grounds, 153 N.J. 424, 710 A.2d 421 (1998), we held that an insured's action to collect attorney's fees under a UIM coverage claim is not within the category of suits in which R. 4:42-9(a)(6) permits an award. A fortiori this rule does not permit an award of attorney's fees to an insurer under a similar claim.
*122 Accordingly, the award of attorney's fees is reversed, in all other respects the judgment appealed from is affirmed.