848 A.2d 36 (2004)
369 N.J. Super. 61
Elizabeth MESSEC and AIU Insurance Company, as subrogee of Elizabeth Messec, Plaintiff-Respondents/Cross-Appellants,
v.
USF & G INSURANCE COMPANY, Defendant-Appellant/Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 2004.
Decided May 14, 2004.
*37 Nicholas J. Lombardi argued the cause for appellant/cross-respondent USF & G Insurance Company (Harrington and Lombardi, attorneys; Mr. Lombardi on the brief).
Jo Ann Katzban, Montclair, argued the cause for respondents/cross-appellants Elizabeth Messec and AIU Insurance Company, as subrogee of Elizabeth Messec (Garrity, Graham, Favetta & Flinn, attorneys; Ms. Katzban of counsel and on the brief).
Before Judges PRESSLER, ALLEY, and R.B. COLEMAN.
The opinion of the court was delivered by
ALLEY, J.A.D.
USF & G Insurance Company appeals from an August 1, 2003 order by Judge Jared D. Honigfeld which granted summary judgment against USF & G in favor of AIU Insurance Company as subrogee of plaintiff Elizabeth Messec. AIU cross-appeals from the trial court's denial of counsel fees and costs.
Messec was driving a car on July 20, 1997, with the consent of a friend who had his father's permission to operate the car. The father was a corporate executive whose employer leased the car for his use. There was a one-car accident when Messec was driving and several passengers were injured.
A Lumbermen's Mutual policy insured the vehicle for $4,000,000. USF & G had issued a policy to Messec's parents, which was thus primary as to Messec. It provided for coverage limits of $100,000 per person and $300,000 per accident, but *38 contained an "other insurance" clause to the effect that its coverage was excess to that of other policies such as Lumbermen's. AIU had issued an umbrella policy of $30,000,000. The first three injured parties' claims were settled by Lumbermen's for a total of $2,131,820. The remaining claim, made by Sara Smith, went to trial and she obtained a verdict of $9,652,000, and after medical expenses and pre-judgment interest were added, judgment was entered for Smith for a total of $11,725,389.50. The interests of AIU are implicated because of its exposure on the $30,000,000 umbrella policy. There is no dispute as to Lumbermen's obligation on the balance of its policy. The only issue is whether USF & G is responsible for the $100,000 per person limit of its policy or the $300,000 per accident limit.
Judge Honigfeld held USF & G liable to AIU as Messec's subrogee for the full $300,000 per accident rather than the $100,000 per person limit. USF & G claims that this was error but we disagree, essentially for the reasons set forth by Judge Honigfeld, supplemented by the following. Even though other claims had been paid, the remaining claim by Smith cannot be looked at in isolation. As to Messec, the USF & G policy was primary, and primary insurance attaches at the time of the accident. CNA Insurance Co. v. Selective Ins. Co., 354 N.J.Super. 369, 378, 807 A.2d 247 (App.Div.2002). True, the first three claims did not exhaust the $4,000,000 coverage of the Lumbermen's Mutual policy. But they were multiple claims nonetheless, and the settlement of some of these before trial does not alter the point that the claim of more than one "person" was triggered and as a result, the $300,000 per occasion limit should apply rather than the $100,000 per person limit. That USF & G's liability was adjudicated is irrelevant. In this accident, Messec was not exposed to claims of just one "person," but to those of four persons.
With respect to the cross-appeal, we note that Rule 4:42-9(a)(6) allows counsel fees in "an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." It is within the judge's discretion whether or not to award such fees. See, e.g., Iafelice ex rel. Wright v. Arpino, 319 N.J.Super. 581, 590, 726 A.2d 275 (App.Div.1999); Selective Ins. Co. of Am. v. Hojnoski, 317 N.J.Super. 331, 338, 722 A.2d 118 (App.Div.1998).
In Iafelice we affirmed an award of fees, noting that equitable principles govern, and that the "court should consider the totality of the circumstances in awarding counsel fees." Iafelice, supra, 319 N.J.Super. at 591, 726 A.2d 275. Moreover, as stated in Sears Mortgage Corp. v. Rose, 134 N.J. 326, 356, 634 A.2d 74 (1993), the purpose of this rule "is to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract...." Fees should not be awarded when an insurer loses a dispute with another insurer, as opposed to when an insurer "unsuccessfully refused to indemnify, defend or provide benefits to its insured." Hojnoski, 317 N.J.Super. at 338, 722 A. 2d 118.
This is a matter between two insurers debating the interpretation of liability coverage clauses, not one where the insurer has refused to provide coverage or to indemnify or defend its insured. See ibid. The trial court's evaluation of equitable principles, namely, that the issue before it was novel and worthy of consideration, was within its discretion and the court did not err in its decision to deny counsel fees. See, e.g., Iafelice, supra, 319 N.J.Super. at 590, 726 A.2d 275; Hojnoski 317 N.J.Super. at 338, 722 A.2d 118.
Affirmed.