**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1312-18T3

SUSEELA BOTLAGUDUR,

     Plaintiff-Respondent,

v.

KRISHNA BOTLAGUDUR
and AMR A. ALBIUMI,

     Defendants-Respondents.

_____

SUSEELA BOTLAGUDUR,

     Plaintiff-Respondent,

v.

TRAVELERS HOME AND
MARINE INSURANCE
COMPANY,

     Third-Party Plaintiff/
     Appellant,

v.

KRISHNA BOTLAGUDUR and
AMR A. ALBIUMI,

     Third-Party Defendants/

Respondents.

_____

Argued November 18, 2019 – Decided September 18, 2020

Before Judges Fasciale, Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6398-17.

Timothy P. Smith argued the cause for appellant (Kinney Lisovicz Reilly & Wolff PC, attorneys; Timothy P. Smith of counsel and on the briefs).

John G. Mennie argued the cause for respondent Suseela Botlagudur (Schibell & Mennie, LLC, attorneys; John G. Mennie of counsel and on the brief).

Respondents Krishna Botlagudur and Amr A. Albiumi have not filed a brief.

PER CURIAM

Defendant Travelers Home and Marine Insurance Company (Travelers) appeals two orders entered by the trial court. Defendant Krishna Botlagudur was driving a car with his wife, plaintiff Suseela Botlagudur, as a passenger, when the car was involved in an accident. Plaintiff sued both her husband and the driver of the other vehicle for her physical injuries. Plaintiff also filed an action for declaratory relief against Travelers, who was her insurer, seeking $500,000, the limit for liability coverage under the Travelers policy.

In plaintiff's action against Travelers, the trial judge granted summary judgment in favor of plaintiff. The judge found that an exclusion in the Travelers policy that barred bodily injury coverage for family members, which was permitted under Florida law, was unenforceable under New Jersey law. The judge struck this exclusion from the Travelers agreement, and found that a provision in the policy, which guaranteed "at least" the minimum amounts and types of coverage required under the laws of another state where an accident occurs, was ambiguous. The judge thus determined that plaintiff was entitled to the maximum liability coverage under the policy. Travelers moved to reconsider, and the trial judge denied its motion. Having reviewed the record, and in light of the applicable law, we reverse and remand.

We discern the following facts from the record. On June 16, 2016, plaintiff was a passenger in a car driven by her husband, and was physically injured when the car collided with a car driven by defendant Amr Albiumi. The accident occurred in East Brunswick, but both plaintiff and defendant were Florida residents when the accident occurred.

At the time of the accident, plaintiff was the named insured under a

A-1312-18T3

policy issued by Travelers, which ran from January 2016 through January 2017. The Travelers policy established coverage limits of up to $500,000 for each person and each accident, subject to certain limitations on liability.

Under the Travelers policy, the following language was included:

DEFINITIONS

A.  Throughout this policy, "you" and "your" refer to:

1.   The "named insured" shown in the Declarations; and

2.   The spouse if a resident of the same household.

. . . .

LIABILITY

Coverage A – Bodily Injury
Coverage B – Property Damage

INSURING AGREEMENT

A.   We will pay damages for "bodily injury" (Coverage A) or "property damage" (Coverage B) for which "Insured" becomes legally responsible because of an auto accident.  * * *  We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B.  "Insured" as used in these coverages means:

1. You or any "family member" for the ownership, maintenance or use of any auto "trailer".

The Travelers policy also listed several exclusions for which Travelers would not provide liability coverage. The policy executed by plaintiff included Endorsement A09018, entitled Amendment of Policy Provisions – Florida ("intrafamily exclusion"), which states in relevant part,

II. Liability

A. Under Exclusion, Section A, the following is added as an additional exclusion:

For "bodily injury" to you or any "family member".

The Travelers policy also included the following provisions as to out-of-state coverage under the Liability Coverage Section of the agreement:

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If that state or province has:

. . . .

5

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

Plaintiff had never reviewed the Travelers policy, and was therefore unfamiliar with its contents. Plaintiff had not even selected the policy for herself, as her husband chose the policy for her with the help of the American Automobile Association. Plaintiff's husband was likewise unfamiliar with the majority of the terms in Travelers Policy, having only read the liability limits that were included on the agreement's declarations page.

On August 2, 2017, plaintiff sued her husband and Albiumi for damages related to her personal injuries that she had sustained from the crash. On October 30, 2017, plaintiff filed a complaint for a declaratory judgment against Travelers. Plaintiff requested that the court find intrafamily exclusion to be invalid in New Jersey, thereby entitling plaintiff to up to $500,000 in coverage for her bodily injuries suffered during the crash, and awarding plaintiff costs and fees. On November 28, 2017, Travelers filed an amended answer and counterclaim, seeking a determination that plaintiff is only entitled to a statutory minimum of $15,000 in liability coverage pursuant to our State's Deemer Statute, N.J.S.A. 17:28-1.4. Travelers also filed a third-party

complaint against plaintiff's husband and Albiumi to bind them to the court's determination on coverage.

On March 27, 2018, Travelers moved for summary judgment, with plaintiff filing opposition and cross-moving for summary judgment. On August 8, 2018, the motion judge issued an oral decision denying Travelers' motion for summary judgment and granting plaintiff's motion for summary judgment. The motion judge decided to apply New Jersey law, and held that the intrafamily exclusion in the Travelers policy, which would otherwise have been valid under Florida law, did not apply. The judge did not explain the basis for his decision to apply New Jersey law over Florida law.

Having found that the intrafamily exclusion was invalid under New Jersey law, the judge determined that the "plain language of the policy states[] it will provide at least the required minimum amounts and types of coverages" required under New Jersey law. The judge thus concluded that including the language "at least required" in the policy "implies [the coverage limit] would rise up to the minimum amount rather than to go down to the minimum amount." The judge concluded that the policy's language was unclear, and chose to construe the provision in plaintiff's favor, thereby holding that Travelers' potential liability to plaintiff would be governed by the policy limits

7

of $500,000, as opposed to the $15,000 mandatory minimum under the Deemer statute.

Travelers moved for reconsideration of the summary judgment decision. In part, Travelers relied on a policy approved by the New Jersey Department of Banking and Insurance (DOBI) in July 2015 that allowed insurers to exclude intrafamily liability coverage pertaining to claims for bodily injuries to insureds that are in excess of the statutorily required minimum liability coverage. Plaintiff disagreed with Travelers' position, arguing that the intrafamily exclusion in Travelers' policy did not conform with the permissible provision allowed by DOBI, which contemplated that the intrafamily exclusion would not outright bar coverage, but would only "not apply to the portion of the damages that is less than or equal to minimum limits required under New Jersey law."

On November 1, 2018, the motion judge issued an oral decision denying Travelers' motion for reconsideration. The judge concluded that Travelers had repeated the same arguments in its reconsideration motion as it raised in its motion for summary judgment. The judge reaffirmed his findings that Travelers' out-of-state coverage provision did not limit coverage to the statutory minimum prescribed in the Deemer statute, explaining that

8

> Specifically, the . . . policy states that your policy will provide at least the required minimum amounts of coverage. The clause, as is written, does not stipulate that the policy will provide the bare minimum of the statutorily-required coverage, only that it will provide at least the required amount afforded by the Deemer statute. The Court still believes that this language in the policy written by [Travelers] is not so clear and unambiguous [as] to be interpreted as a step-down clause.

he judge thus concluded that because plaintiff was afforded coverage under the Travelers policy that was much higher than the statutory minimum, she should be entitled to full coverage because the language in the out-of-state coverage provision was a step-up clause.

Addressing an argument by Travelers that the motion judge should have applied the substantive law of Florida, the judge concluded that our state does not decide the conflicts of law issue based on the law of the place where a contract was executed. The judge held that "since New Jersey is the place of injury . . . wherein the witnesses and evidence are located, it is this state which has a substantial governmental interest in having its law applied and, therefore, New Jersey law should govern." This appeal ensued.

On appeal, Travelers raises the following arguments for our review:

> I. THE STANDARD OF APPELLATE REVIEW OF A GRANT OF SUMMARY JUDGMENT IS DE NOVO. (NOT RAISED BELOW).

9

II.   THE MOTION COURT ERRED IN DECIDING THE VALIDITY OF A FLORIDA INSURANCE POLICY UNDER NEW JERSEY LAW INSTEAD OF FLORIDA LAW.

III.   NEW JERSEY CHOICE OF LAW PRINCIPLES REQUIRED THE MOTION COURT TO APPLY FLORIDA LAW TO DETERMINE THE RIGHTS OF THE PARTIES.

IV.   UNDER FLORIDA LAW, THE FLORIDA LIABILITY EXCLUSION IS VALID, RESULTING IN THE TRAVELERS POLICY PROVIDING ONLY SO MUCH LIABILITY COVERAGE AS IS REQUIRED BY NEW JERSEY LAW.

V.   UNDER NEW JERSEY LAW, THE TRAVELERS POLICY AFFORDS NO MORE THAN $15,000 IN LIABILITY COVERAGE FOR PLAINTIFF'S INJURIES.

VI.   BECAUSE THE FLORIDA LIABILITY EXCLUSION AND THE OUT-OF-STATE COVERAGE PROVISION IN THE TRAVELERS POLICY ARE UNAMBIGUOUS, THE MOTION COURT ERRED IN RE-WRITING THE TRAVELERS POLICY TO PROVIDE COVERAGE IN EXCESS OF ITS PLAIN TERMS.

VII.   THE MOTION COURT COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF BASED ON CONSTRUING THE FLORIDA LIABILITY EXCLUSION BY ITSELF INSTEAD OF CONSTRUING THE TRAVELERS POLICY AS A WHOLE.

VIII.   PLAINTIFF, WHO NEVER READ HER POLICY, CANNOT BE SAID TO HAVE HAD A REASONABLE EXPECTATION OF $500,000 IN LIABILITY COVERAGE FOR INJURIES TO AN INSURED WHEN THE TRAVELERS POLICY, CONSTRUED AS A WHOLE, UNAMBIGUOUSLY DID NOT PROVIDE SUCH COVERAGE.

Considering the present matter on appeal, we review a grant of summary judgment de novo.  Conley v. Guerrero, 228 N.J. 339, 346 (2017).  Thus, "summary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'"  Ibid. (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)); see also R. 4:46-2(c).

At the outset, we first construe whether the Deemer Statute affords plaintiff coverage under these circumstances.  Pursuant to the Deemer Statute, in relevant part,

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] or [N.J.S.A. 17:28-1.3] for any New Jersey resident who is not

11

required to maintain personal injury protection coverage pursuant to [N.J. Stat. § 39:6A-4] or section [N.J.S.A. 17:28-1.3] and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State.  In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements [N.J.S.A. 39:6B-1] or [N.J.S.A. 39:6A-3], the uninsured motorist insurance requirements of [N.J.S.A. 17:28-1.1], and personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] or of [N.J. Stat. § 17:28-1.3], whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[N.J.S.A. 17:28-1.4.]

"The Deemer [s]tatute is so named because it 'deems' New Jersey insurance coverage and tort limitations to apply to out-of-state policies."  George J. Kenny & Frank A. Lattal, New Jersey Insurance Law § 14-6:6 (2019) (footnote omitted).  Relevant to our scrutinizing an insurance policy under the Deemer statute, the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-3.1, established the creation of two insurance coverage options

for "any owner or registered owner of an automobile registered or principally garaged in [New Jersey]": a basic policy and a standard policy. The basic policy "carries no [bodily injury coverage] unless an optional $10,000 amount is selected." Felix v. Richards, 241 N.J. 169, 173 (2020). In contrast, the standard policy is defined as:

> one with at least the coverage required by N.J.S.A. 39:6A-3 and [-4]. N.J.S.A. 39:6A-3 mandates compulsory automobile insurance liability limits of $15,000[] on account of [bodily] injury to or death of one person in any one accident, a limit of $30,000[] for injury to or death of more than one person in any one accident and $5,000[] for damage to property in any one accident, all exclusive of interests and costs.
>
> [George J. Kenny & Frank A. Lattal, New Jersey Insurance Law § 14-10 (2019).]

Where the Deemer statute is inapplicable, an ordinary choice of law analysis applies when there is a conflict with New Jersey insurance law. Id. at § 21-10.

Until recently, our state courts had not discussed the impact of the basic and standard policies introduced by AICRA on the Deemer Statute and the requirements it imposes on out-of-state insurance policies. This changed with our Supreme Court's recent decision in Felix, which guides our decision here. In Felix, the parties got into a car accident, and Richards was insured under a New Jersey automobile policy that had been issued by AAA Mid-Atlantic

13

Insurance Company (AAA). 241 N.J. at 176. The AAA policy provided bodily injury coverage, in addition to uninsured/underinsured motorist coverage (UM/UIM). Ibid. Felix was insured under a policy with Geico that had been written and executed in Florida. Ibid. The Geico policy afforded up to $10,000 for personal injury protection and property liability benefits, but failed to provide any coverage for bodily injury. Ibid. Felix sued Richards for personal injuries, and Richards countersued both Felix and AAA. Ibid.

AAA filed a third-party complaint naming Geico as a defendant, arguing Geico was liable to AAA for up to the amounts allowed pursuant to the Deemer Statute, and that this payment would eliminate any UM/UIM payments that Richards was entitled to from AAA. Ibid. AAA and Geico filed motions for summary judgment, and the motion judge found in favor of AAA, determining that the Deemer Statute required that Geico provide coverage equivalent to the mandatory minimum of $15,000 per person or $30,000 per accident. Id. at 176-77. On appeal, we affirmed the decision of the motion judge. Id. at 177. Geico appealed our decision, and our Supreme Court granted certiori. Ibid.

The Supreme Court held that, in addition to in-state insurers that write policies in New Jersey, insurers such as GEICO that have issued an out-of-

state policy but that also write auto policies in New Jersey remain obligated under the Deemer Statute to guarantee New Jersey's $15,000/$30,000 bodily injury liability limits in their out-of-state policies, regardless of the actual terms of those policies. Id. at 173-75. The Court concluded that although our Legislature had enacted two alternative forms of lesser insurance coverage since the enactment of the Deemer Statute, this "does not alter the compulsory obligation of both categories of insurers to offer and provide the same default minimum level of coverage." Id. at 175.

Relying on Felix, it is clear that Travelers is liable to plaintiff for bodily injury damages less than or equal to the $15,000 per person limits established in the Deemer Statute. See N.J.S.A. 17:28-1.4. Under the express terms of the Travelers policy, Travelers was only liable for bodily injury coverage if the insured was legally responsible for coverage due to their fault in an accident. The Travelers intrafamily exclusion barred any such coverage for "bodily injury to [the named insured or a spouse] or a family member."

However, the Travelers out-of-state policy provided that, in the event plaintiff would become injured in an accident in another state, the Travelers policy would be interpreted to conform with any law of that state "requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in

that state or province," and that the Travelers policy would provide plaintiff with "at least the required minimum amounts and types of coverage." As such, the Travelers policy contemplated that where an applicable statutory minimum existed for bodily injury to the insured, such as that imposed by the Deemer Statute, Travelers would cover bodily injury for the insured up to the statutory minimum.[1] As the recent <u>Felix</u> decision highlights, the existence of alternative basic and standard policies available as coverage options for New Jersey policyholders does not eliminate this overriding requirement, and Travelers is thus liable for the statutory minimum for bodily injury coverage afforded under the statute, an amount not to exceed $15,000. <u>See Felix</u>, 241 N.J. at 173-75.

Our holding that the Deemer Statute governs Travelers' liability to plaintiff obviates the need to engage in a choice-of-law analysis. <u>See</u> George J. Kenny & Frank A. Lattal, <u>New Jersey Insurance Law</u> § 21-10 (2019). This practice is reflected in prior court decisions. <u>See</u> <u>Hamilton v. Gov. Employees Ins. Co.</u>, 283 N.J. Super. 424, 429 (App. Div. 1995) ("When N.J.S.A. 17:28-

---

[1] <u>See</u> <u>Gov't Emps. Ins. Co. v. Allstate Ins. Co.</u>, 358 N.J. Super. 555, 560 (App. Div. 2003) (explaining that "[p]olicies subject to the [Deemer] statute that do not contain express provisions complying with the statute . . . are [nonetheless] deemed to comply").

1.4 applies, there is no choice-of-law issue."). More succinctly, "N.J.S.A. 17:28-1.4 makes the underlying out-of-state policies, and the laws of the jurisdictions in which those policies are issued, irrelevant to the extent that it mandates New Jersey coverage[.]" State Farm Mut. Auto. Ins. Co. v. Crocker, 288 N.J. Super. 250, 255 (App. Div. 1996) (citing D'Orio v. West Jersey Health Systems, 797 F. Supp. 371, 373-74 (D.N.J. 1992)).[2] As such, we conclude that Travelers is liable to plaintiff for bodily injury coverage in an

---

[2] We did engage in a choice-of-law analysis in one prior decision where the Deemer Statute applied. See Moper Transp. v. Norbet Trucking, 399 N.J. Super. 146, 153-58 (App. Div. 2008). However, the Moper decision is unique. In Moper, two New York residents got into an accident on Staten Island. Id. at 148-49. One drove a car registered in New York. Id. at 149. The other, the sole shareholder of a corporation based in New Jersey, drove a tractor that was registered in New Jersey. Id. at 148-49. The corporation also leased the tractor to a New Jersey trucking company prior to the accident, and the companies had executed a transportation services agreement that had subjected the companies to the laws of New Jersey, and also instituted a non-trucking business use exclusion that applied when driving the tractor. Id. at 149-50. The plaintiff initially filed a claim in New York, but the New York court in part determined that New Jersey had a more significant interest in adjudicating the matter based on the existence of these various agreements and the parties' ties to New Jersey. Id. at 150-52. In rendering our decision, we specifically stated that we engaged in a choice-of-law analysis principally because both New York and New Jersey have Deemer statutes, and because whether coverage existed relied, in part, on whether the tractor had been driven for a business purpose, which would have implications depending on which statute applied. Id. at 154-55. In light of the specific facts underlying our opinion in Moper, we do not find that Moper requires us to engage in a choice-of-law analysis in the present matter.

A-1312-18T3

amount not to exceed the statutory minimum afforded under the Deemer Statute, that being $15,000 for her physical injuries. Moreover, since there was no coverage for intrafamily claims, Travelers' liability was not required to provide more than the amount required by the Deemer Statute, as compared to a claim for which there was coverage but in an amount less than what was required by New Jersey.

We thus reverse the decisions of the motion judge granting of summary judgment to plaintiff and denying summary judgment to Travelers, and denying Travelers' motion for reconsideration. We remand the matter back to the lower court for further proceedings consistent with this decision. To the extent that we have not specifically addressed any other issues raised by the parties, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1312-18T3